1    LITTLER MENDELSON, P.C.
     MICHELLE RAPOPORT, Bar No. 247459
2    mrapoport@littler.com
     633 West Fifth Street, 63rd Floor
3    Los Angeles, California  90071
     Telephone:  (213) 443-4300
4    Fax No.:      (213) 443-4299

5    Attorneys for Defendant
     TERMINIX INTERNATIONAL, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10   JEFF EUBANK, individually and on      CASE NO.  '15CV145  WQHJMA
     behalf of all others similarly situated,
11
                     Plaintiffs,
12
          v.                                DEFENDANT'S NOTICE OF
13                                          REMOVAL TO FEDERAL COURT
     TERMINIX INTERNATIONAL,
14   INC., and DOES 1 through 50,
     inclusive,
15
                     Defendants.
16

17

18        **TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE**

19   **SOUTHERN DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE** that

20   Defendant Terminix International, Inc. ("Terminix Inc.") hereby removes this action

21   from the Superior Court in the State of California for the County of San Diego to the

22   United States District Court for the Southern District of California. The removal is

23   based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act or "CAFA"),

24   1441, and 1446.

25   I.   **PLEADINGS AND PROCESS**

26        A.    On December 18, 2014, Plaintiff Jeff Eubanks ("Plaintiff") filed an

27   unverified Class Action Complaint alleging a variety of wage and hour violations the

28   Superior Court of California for the County of San Diego (Case No. 37-2014-

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:131199623.1 081934.1004                1.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

1   00042817-CU-OE-CTL) (the "Complaint"). Declaration of Michelle Rapoport in

2   Support of Notice of Removal ("Rapoport Decl."), ¶ 2, Exh. A.

3       B.    The Complaint asserts causes of action for: 1) failure to pay minimum

4   wages and liquidated damages; 2) failure to pay overtime; 3) failure to provide rest

5   breaks; 4) failure to provide meal breaks; 5) failure to provide accurate wage

6   statements; 6) failure to pay all wages due upon termination; 7) violation of Business

7   and Professions Code section 17200.

8       C.    On December 22, 2014, Plaintiff served a copy of the summons and

9   Complaint on Terminix Inc.  Declaration of Teresa Goolsby in Support of Notice of

10  Removal ("Goolsby Decl."), ¶3.

11      D.    On January 22, 2014, Terminix Inc. will file with the Clerk for the

12  Superior Court of California for the County of San Diego a Notice to State Court of

13  Removal to Federal Court in this action, together with a copy of Terminix Inc.'s

14  Notice to Federal Court of Removal. Rapoport Decl., ¶3. The Rapoport Declaration

15  sets forth all the process, pleadings, and orders filed, to be filed, or served upon

16  Terminix, Inc. (to Terminix, Inc.'s current knowledge) in this action to the present

17  date. Rapoport Decl., ¶4.

18  II.  **STATEMENT OF VENUE**

19      Venue is proper in the United States District Court for the Southern District of

20  California because Plaintiff filed his Complaint in the Superior Court of California for

21  the County of San Diego.  28 U.S.C. §§ 84(c), 1391, and 1446.

22  III.  **TIMELINESS OF REMOVAL**

23      A.    This Notice of Removal is timely.  Under 28 U.S.C. section 1446(b)(1),

24  the "notice of removal of a civil action or proceeding shall be filed within 30 days

25  after the receipt by the defendant, through service or otherwise, of a copy of the initial

26  pleading setting forth the claim for relief upon which such action or proceeding is

27  based."

28

ITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:131199623.1 081934.1004                    2.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

B.     Terminix, Inc. filed this removal on January 21, 2015, which is within thirty days after it was served with the Complaint.  This removal is therefore timely under 28 U.S.C. section 1446(b)(1).

## IV.     JURISDICTION UNDER CAFA

A.     In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law where: 1) any member of the class is a citizen of a state different from any defendant; 2) the proposed class contains at least 100 members; and 3) the amount in controversy in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).  This case meets these three requirements.

B.     **Plaintiff is a California Citizen and Terminix, Inc. is a Citizen of Delaware and Tennessee**

1.     Plaintiff is a resident of the City of San Diego, County of San Diego, California. (Complaint, ¶ 13.)   Plaintiff worked in California and used a California address as his location of residence during his employment. Goolsby Decl., ¶4.  Plaintiff is therefore a citizen of California. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that residence is *prima facie* evidence of domicile for purposes of determining citizenship).

2.     Terminix, Inc. is a Delaware corporation having its principal place of business in the State of Tennessee.  Terminix, Inc. is a general partner of Terminix LP, which employed Plaintiff.  Goolsby Decl. ¶ 4.

3.     Diversity of citizenship under CAFA therefore exists because at least one member of the proposed class is a citizen of a state (California) different from a defendant (Delaware and Tennessee). 28 U.S.C. § 1332(d)(2)(A).

C.     **The Proposed Class Contains More Than 100 Members.**

1.     Plaintiff brings his Complaint on behalf of himself and "All individuals who are currently or have been employed in California by defendants as

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:131199623.1 081934.1004

3.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Pest Control Technicians during the class, and whose working conditions are not controlled by a collective bargaining agreement." Complaint, ¶33.

2.    Within this four-year limitations period, Terminix, LP employed over 250 individuals as Pest Control Technicians at any given time. Goolsby Decl., ¶6. This figure exceeds CAFA's 100-person minimum.

**D.    The Amount in Controversy Exceeds $5,000,000.**

1.    Under CAFA, the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction. Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Plaintiff's Complaint is silent as to the total amount of monetary relief claimed. The Supreme Court, in Dart Cherokee Basin Operating Co., LLC v. Owens, No. 13-719 (U.S. Dec. 15, 2014) at Slip Op. 7, recently recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.")

2.    Terminix, Inc. generally and specifically denies Plaintiff's allegations in the Complaint. In assessing the amount in controversy, however, a court must assume that a jury will return a verdict for the plaintiff on all class claims. See, e.g., Kenneth Rothchild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 993, 1001 (C.D. Cal. 2002).

3.    Terminix, LP employed over 250 putative class members in California at any given time between December 18, 2010 and December 18, 2014. Goolsby Decl., ¶5. Over 100 of these putative class members were separated from employment in the approximately three-year period since December 18, 2011. Id. Over 250 of these putative class members were employed in the approximately one-year period since December 18, 2013. Id. Plaintiff's annual compensation for each of the last four years was over $50,000, and over $24 per hour. The average hourly rate

JITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:131199623.1 081934.1004                    4.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Case 3:15-cv-00145-WQH-LL    Document 1    Filed 01/21/15    PageID.5    Page 5 of 9

1  for putative class members during the class period was at least $50,000 annually, and

2  at least $24 per hour. Id.

3          4.    The amount in controversy exceeds $5,000,000, taking into

4  account Plaintiff's claims.

5          5.    **First Cause of Action (Failure to Pay Minimum Wages and**

6  **Liquidated Damages):** Plaintiff contends that Terminix, Inc. owes each putative class

7  member liquidated damages under Labor Code section 1194.2.  Complaint ¶ 31. A

8  three year statute of limitations applies to Plaintiff's First Cause of Action under

9  Labor Code Section 1194.2(a).  The minimum wage in California was $8.00 per hour

10  from January 1, 2008 until July 1, 2014, when it was raised to $9.00. See California

11  Minimum Wage Order MW-2014.  For the purposes of removal only, and assuming

12  three hours of unpaid wages per workweek, multiplied by the liquidated amount of

13  $8.00 per hour, multiplied by the at least 250 putative class members since December

14  18, 2011, the amount in controversy for Plaintiff's first cause of action is at least:

15  $624,000 ($8.00 an hour x 2 hours a week x 52 weeks in a year x 3 years x 250

16  putative class members).

17          6.    **Second Cause of Action (Failure to Pay Overtime):** Plaintiff

18  contends that Terminix, Inc. owes each putative class member overtime wages under

19  Labor Code section 510. Because Plaintiff brings an unfair business practices claim

20  against Terminix, Inc., the three-year statute of limitations for overtime wages

21  violations is presumably extended to four years. See Cortez v. Purolator Air Filtration

22  Products Co., 23 Cal. 4th 163, 179 (2000). For the purposes of removal only, and

23  assuming two hours of unpaid overtime per workweek since December 18, 2010,

24  multiplied by the 1.5 premium rate, multiplied by Plaintiff's approximate hourly wage

25  of at least $ 24, the total is: $3,744,000  ($36 an hour x 2 hours of overtime per week x

26  52 weeks in a year x 4 years x 250 class members).

27          7.    **Third and Fourth Causes of Action (Meal and Rest Periods):**

28  Plaintiff contends that Terminix, inc. owes each putative class member meal period

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:131199623.1 081934.1004                    5.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

and rest period premiums under Labor Code section 226.7 at the rate of one hour's wage for each alleged meal period violation and each alleged rest period violation per employee. Complaint, ¶¶ 52, 57. Because Plaintiff brings an unfair business practices claim against Terminix, Inc., the three-year statute of limitations for meal and rest period claims is presumably extended to four years. See <u>Cortez</u>, 23 Cal. 4th at 179. For the purposes of removal only, and assuming two meal period violations and two rest break violations per week since December 18, 2010, each multiplied by the $24 per hour rate, and each multiplied by at least 250 putative class members who worked at any given time during the class period, the amount in controversy for the meal and rest period claims is: $4,992,000 (2 meal breaks x 52 weeks per year x 4 years x 250 putative class members x $24 per violation based on the hourly rate) + (2 rest breaks per week x 52 weeks per year x 4 years x 250 putative class members x $24 per violation based on the hourly rate ) = [$2,496,000 for meal periods and $2,496,000 for rest periods].

8.    **Fifth Cause of Action (Pay Stub Itemization):** Labor Code section 226(e) provides for $50 penalties for pay period violations, not to exceed an aggregate of $4,000, and is subject to a one-year statute of limitations. California Code of Civil Procedure §340(a).  For the purposes of removal only, and assuming twenty-six pay periods in a year, and at least 250 putative class members employed in the last year, the amount in controversy for the pay stub itemization claim is: ($50 x 26 pay periods x  250 putative class members) = $ 325,000.

9.    **Sixth Cause of Action (Wait Time Penalties):** Labor Code section 203 provides potential waiting time penalties for employees whose employment ended with the three year period preceding the filing of the complaint. For the purposes of removal only, and assuming an eight hour workday, multiplied by the approximate average hourly rate of at least $24, multiplied by eight hours a day, multiplied by the 30 day statutory maximum, multiplied by at least 100 putative class members who left employment in the last three years, the amount in controversy for

JITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:131199623.1 081934.1004                6.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

the wait time penalties claim is: 8 hours x $ 24 rate x 30 days x 100 putative members = $ 576,000.

10.    **Aggregate Amount in Controversy:** The aggregate amount of the amounts in controversy for Plaintiff's claims are: $624,000 + $3,744,000 + $4,992,000 + $325,000 + $576,000 = $10,261,000, which exceeds the CAFA $5,000,000 threshold. This figure does not take into account attorneys' fees, which would only increase the amount in controversy. See also, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (when determining whether a complaint meets the amount in controversy requirements, attorneys' fees must be taken into account when calculating the total amount in controversy).

## V.    NOTICE TO PLAINTIFF AND STATE COURT

A.    As required by 28 U.S.C. section 1446(b), Terminix, Inc. will provide Plaintiff, through his counsel, with written notice of this removal.

B.    As required by 28 U.S.C. section 1446(d), Terminix, Inc. will file a copy of this Notice of Removal with the Superior Court of California for the County of Los Angeles.

DATED:  January 21, 2015                LITTLER MENDELSON, P.C.


                                        s/ MICHELLE RAPOPORT
                                        MICHELLE RAPOPORT
                                        Attorneys for Defendant
                                        TERMINIX INTERNATIONAL, INC.
                                        E-mail:  mrapoport@littler.com

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:131199623.1 081934.1004                7.

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

1
## PROOF OF SERVICE

2     COUNTY OF LOS ANGELES          )
                                     )     ss.
3     STATE OF CALIFORNIA            )

4          I am employed in the County of Los Angeles, State of California.  I am over the

5     age of 18 and not a party to the within action; my business address is 633 West Fifth

6     Street, 63rd Floor, Los Angeles, California  90071.

7          On  January  21,  2015,  I  served  the  foregoing  document(s)  described  as

8     **DEFENDANT'S  NOTICE  OF  REMOVAL  TO  FEDERAL  COURT**  on  the

9     interested parties in this action addressed as follows:

10    Todd A. Friedman, Esq.
      Adrian R. Bacon, Esq.
11    Law Offices of Todd A. Friedman, P.C.
      324 South Beverly Drive, Suite 725
12    Beverly Hills, California  90212
      Tel.: (877) 206-4741
13    Fax: (866) 633-0228

14

15    ☒     By placing true copies thereof enclosed in a sealed envelope(s) addressed as
16    stated above.

17    ☒     **BY MAIL (FRCP 5(b)(1)(C)):** I am readily familiar with the firm's
            practice of collection and processing correspondence for mailing with
18          the U.S. Postal Service.  Under that practice such envelope(s) is
            deposited with the U.S. postal service on the same day this declaration
19          was executed, with postage thereon fully prepaid at 633 West Fifth
            Street, 63rd Floor, Los Angeles, California, in the ordinary course of
20          business.

21    ☐     **BY OVERNIGHT DELIVERY (FRCP 5(b)(1)(F)):** I am readily
            familiar with the firm's practice of collection and processing items for
22          delivery with Overnight Delivery.  Under that practice such
            envelope(s) is deposited at a facility regularly maintained by Overnight
23          Delivery or delivered to an authorized courier or driver authorized by
            Overnight Delivery to receive such envelope(s), on the same day this
24          declaration was executed, with delivery fees fully provided for at 633
            West Fifth Street, 63rd Floor, Los Angeles, California, in the ordinary
25          course of business.

26

27

28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:131199623.1 081934.1004                    8.

☐ **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i)):** I caused said documents to be served by having a professional messenger service, _____, personally deliver them to the person(s) at the address(es) noted above. (A confirmation document of the professional messenger service will be retained in our office.)

☐ **BY FACSIMILE (FRCP 5(b)(1)(E)):** Pursuant to FRCP 5(b)(1)(E), on _____, at approximately _____ I served the above stated document by facsimile from the facsimile machine of Littler Mendelson whose phone number is (213) 443-4299 to the addressee(s) at the facsimile numbers as stated above. The facsimile machine used complies with CRC Rule 2.306(h). Pursuant to CRC Rule 2.306(h) the transmission by facsimile was reported as complete and without error.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on **January 21, 2015**, at Los Angeles, California.

_____
JOANNIE HAN-DRESSOR

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT