**EXHIBIT A**

*12/22/2014*
*@ 1:10 PM.*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TERMINIX INTERNATIONAL, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEFF EUBANK

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/18/2014** at 10:26:47 AM

Clerk of the Superior Court
By Adam Beason, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of San Diego County<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* 37-2014-00042817-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE: 12/19/2014 | Clerk, by | *A. Beason* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | A. Beason | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 485<br>www.courtinfo.ca.gov |

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com

Attorneys for Plaintiff,
Jeff Eubank

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/18/2014** at 10:28:47 AM
Clerk of the Superior Court
By Adam Beason, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL CIVIL WEST

JEFF EUBANK, individually and on
behalf of all others similarly situated,

        Plaintiffs,

vs.

TERMINIX INTERNATIONAL, INC., and
DOES 1 to 50, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 37-2014-00042817-CU-OE-CTL

<u>CLASS ACTION</u>

COMPLAINT AND JURY DEMAND

1. FAILURE TO PAY MINIMUM
   WAGES AND LIQUIDATED
   DAMAGES (Labor Code §§ 1194,
   1197 And Wage Order 5);
2. FAILURE TO PAY OVERTIME
   (Labor Code §§ 510, 1194, 1198
   And Wage Order 5)
3. FAILURE TO PROVIDE REST
   BREAKS (Labor Code §§ 226.7
   And Wage Order 5)
4. FAILURE TO PROVIDE MEAL
   PERIODS (Labor Code §§ 226.7,
   512, And Wage Order 5)
5. FAILURE TO PROVIDE
   ACCURATE WAGE
   STATEMENTS (Labor Code §§
   226);
6. FAILURE TO PAY ALL
   WAGES OWED UPON
   TERMINATION (Labor Code §§
   201-203);
7. VIOLATION OF CALIFORNIA
   BUSINESS AND PROFESSIONS
   CODE §17200.

1

Plaintiff Jeff Eubank (hereinafter "Plaintiff"), hereby submits this Class Action Complaint against Defendant Terminix International, Inc., and other as yet unknown entities (hereinafter collectively referred to as "Defendants" or "Terminix") on behalf of himself and a class of all other similarly situated current and former pest control technicians of Terminix for wages owed, including meal period wages, wages for work done off-the-clock and without pay, as well as waiting time penalties, and penalties or damages for failure to keep accurate records, other penalties under the California Labor Code, and for restitution and injunctive relief as follows:

## INTRODUCTION

1.     Plaintiff brings this wage and hour Class Action against Defendants, and each of them, pursuant to Code of Civil Procedure §382.  Plaintiff brings this action on behalf of himself and for the benefit of all other persons employed directly by Defendants, and each of them, in the position of "pest control technicians" covered by Wage Order 5 who were not paid wages pursuant to California law prior and subsequent to the date this action was filed. All allegations in this wage and hour Class Action Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and their counsel.  Plaintiff's information and beliefs are based upon, inter alia, the investigation conducted to date by Plaintiff and his counsel.  Each allegation in this wage and hour Class Action Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

2.     On information and belief, for at least four years prior to the filing of this action and through to the present, Defendants jointly employed Plaintiff and the putative class members in San Diego County, and other counties in the State of California, and maintained and enforced against Plaintiff and the putative class members the systemic policies, practices, and/or customs complained of herein.  Plaintiff seeks relief on behalf of himself, and the members of the Plaintiff Class, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations,

Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which have resulted in the failure of Defendants to pay Plaintiff and members of the Class and Subclass all wages owed to them.  Said employment policies, practices and procedures are generally described as follows:

    a.    Defendants failed to properly pay Plaintiff and class members for all time worked, including at least the state-mandated minimum wages for all hours worked, including, but not limited to, time spent under the direction, supervision and control of Defendants prior to clocking in for shifts, and other uncompensated time for which Plaintiff and class members were subject to their employers' direction and control;

    b.    Defendants failed to pay all wages due and owing to their Pest Control Technician employees, including Plaintiff and the class members, in violation of California Labor Code ("Labor Code") and Industrial Welfare Commission Wage Order 5 ("Wage Order");

    c.    Defendants required, suffered, employed, and/or permitted Plaintiff and class members to work in excess of regular work hours without the required overtime and/or double time compensation;

    d.    Defendants failed to provide Plaintiff and class members with rest periods and/or failed to properly compensate Plaintiff and members of the proposed class for such malfeasance in providing proper rest periods, as required by Labor Code § 226.7 and Wage Order 5;

    e.    Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for such malfeasance in providing proper meal periods, as required by Labor Code §§ 226.7 and 512 and Wage Order 5;

    f.    Defendants failed to issue accurate itemized wage statements to their Pest Control Technician employees, including Plaintiff and the class members, in violation of, inter alia, Labor Code §226 and Wage Order 5;

Class Action Complaint And Jury Demand

g.    Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of Labor Code §§ 201-203;

h.    Violating Business and Professions Code §§ 17200 et seq. as further set forth below.

3.    Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and members of the Class, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and the members of the Class to timely payment of their wages.

4.    This action seeks relief for the un-remediated violations of California law including, inter alia:

a.    Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of the wages due them and interest thereon;

b.    Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of meal and rest period wages, including premium wages;

c.    Damages and/or penalties for Plaintiff and Class Members who were not issued accurate itemized wage statements in conformity with California law.

d.    Damages and/or penalties for Plaintiff and Class Members who voluntarily quit, or were laid off and/or terminated, but who were not paid all wages due and owing in conformity with California law;

e.    Implementation of other equitable and injunctive relief, including, inter alia, an injunction prohibiting Defendants, and each of them, from continuing to:

i.    fail to pay all wages due in accordance with the Labor Code and Wage Order 5;

ii.    fail to authorize and permit mandated meal and rest periods or pay additional wages to their non-exempt production employees who did not

receive the required meal and rest periods in accordance with the Labor Code and Wage Order 5;

iii.   fail to issue accurate itemized wage statements in accordance with the Labor Code and Wage Order 5; and,

iv.   fail to pay all compensation due to their non-exempt production employees at the time of the termination of their employment in accordance with the Labor Code; and,

f.   Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

5.   The claims herein are brought by Plaintiff on his own behalf and on behalf of the Class which is defined as individuals who are currently or have been employed in California by defendants as Pest Control Technicians during the Class Period (which commences four years prior to the filing of this action and continues until judgment is rendered herein), and whose working conditions are not controlled by a collective bargaining agreement.   Plaintiff also brings claims on behalf of the following Subclass: all Class members whose employment with Defendants has terminated during the Class Period.

6.   "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter. Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

7.   The actions of Defendants are in violation of the Labor Code as well as IWC wage orders and, as a result, are unlawful and unfair acts, thus constituting a violation of California Business & Professions Code section 17200, *et seq.* (Unfair Competition Law, "UCL").

8.   The policies, practices and customs of Defendants described above and herein have resulted in unjust enrichment of Defendants and an unfair business advantage over

businesses that routinely adhere to the strictures and requirements of the Labor Code and of the UCL.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over Plaintiff and Class members' claims for unpaid wages, denied meal and rest breaks, failure to provide accurate wage statements, and failure to pay all earned wages upon termination pursuant to the Labor Code, including, but not limited to, sections 200, 201, 202, 203, 218, 226, 226.7, 500, 510 512, 1194 and 1197, and the IWC wage orders.

10.    This Court has jurisdiction over Plaintiff and Class members' claims for injunctive relief, including restitution of earned wages, which are the money and property of Plaintiff and Class members, arising from Defendants' unfair competition under UCL sections 17203 and 17204.

11.    This Court also has jurisdiction over Plaintiff and Class members' claims for penalties in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant to the applicable Labor Code provisions.

12.    Venue as to all Defendants is proper in this County pursuant to Code of Civil Procedure section 395(a).    Plaintiff is informed and believes, and thereon alleges that Terminix conducts business, employs Class members, and has locations in this County, and the events complained of occurred in this County.

## THE PARTIES

13.    Plaintiff Jeff Eubank has been employed by Defendants as a Pest Control Technician during the Class Period, including within the last year.    Plaintiff Eubank is a resident of the city of San Diego, County of San Diego, California.    Plaintiff Eubank is a member of the Class and Subclass.

14.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this litigation, Defendant Terminix International, Inc. was and/or is a corporation, organized and existing pursuant to the laws of the state of California, which conducted and/or conducts its business in the State of California.    Defendants were at all relevant times doing

Class Action Complaint And Jury Demand

business throughout the State of California, have various offices and locations in the State, and serve numerous customers throughout the State.

15.    Terminix is a "person" as defined in Labor Code section 18 and UCL section 17201. Terminix is also an "employer" as that term is used in the Labor Code and the IWC wage orders.

16.    The identities of Defendants designated as DOES 1-50 are currently not known. However, Plaintiff is informed, and believes, and thereon alleges that each of the named and fictitiously named defendants is an "employer" of Plaintiff and the Class by legal recognition under such principles as "joint enterprise", "alter ego", "co-employer" or some other legally recognized principle. Each of the defendants, whether specifically named and fictitiously names, exercises sufficient control over the terms of employment to be legally recognized as an "employer" of Plaintiff and the Class for purposes of California's wage and hour laws and regulations.

17.    The members of the Class, including the named, representative Plaintiff, have been employed as Pest Control Technicians during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced by Defendants throughout the State of California.

18.    Defendants directly, and indirectly, hired Plaintiff in San Diego County. During all times relevant to this litigation, Plaintiff performed work at various times during the Class Period at agreed upon hourly rates that varied over his period of employment.

## FACTUAL ALLEGATIONS

19.    Defendants' policies, procedures and practices deny Plaintiff and members of the putative class the right to meal and rest breaks, as prescribed under California Law. Rather, Defendants maintain control over the activities and actions of members of the Class during mandated meal and rest breaks, often times requiring Plaintiff and other Pest Control Technicians timely, and full 30 minute meal breaks.

20.    Because Plaintiff and other Pest Control Technicians were on the road, servicing customers' needs at their residences, Defendant maintained time records using

1  portable devices, and an application installed on the devices. Plaintiff and other putative class

2  members were required to clock in and out during their meal periods. However, the

3  application automatically locked out Plaintiff and other putative class members from clocking

4  out for a meal period after the end of the fifth hour of work. Due to the restrictions and

5  requirements of the job of Pest Control Technician, as well as the directions provided by

6  Plaintiff's and other Class Members' supervisors, it was frequently not possible to take a

7  meal break before the end of the fifth hour of work.

8       21.    Plaintiff and other Class Members were instructed that they must clock out to

9  create an artificial time punch showing that a timely meal break was provided, regardless of

10  whether they in fact worked through their meal breaks. Plaintiff and other Class Mmebers

11  not only were not provided a meal break premium, as required under California Law, but

12  were also denied wages due and owing for time spent working "off the clock" during such

13  instances.

14      22.    Defendants similarly deny rest breaks to Pest Control Technicians.

15      23.    As a result, Plaintiff and members of the Class are not relieved of all duties

16  during their meal and rest periods as is required by law. Defendants' policy and practice is to

17  not pay Plaintiff and members of the Class any premium for non-compliant or missed meal

18  and rest breaks.

19      24.    Further, Defendants do not fully pay Plaintiff and members of the Class for

20  time spent performing required activities that are necessary and integral to their overall

21  employment responsibilities. For instance, regularly Plaintiff and putative class members

22  were scheduled for work at a specific time, but upon arrival, were instructed to wait for

23  significant periods of time before clocking in. Plaintiff and putative class members were not

24  paid for this waiting time, despite being under the direction and control of Defendants, and

25  being present at work at their scheduled time, for the benefit of Defendants.

26      25.    Additionally, Defendants maintained a common policy and practice of requiring

27  Plaintiff and other Class Members to clock in for their shift only after such time as they

28  arrived at the first job site for the day. This was despite the fact that Defendants exercised

Class Action Complaint And Jury Demand

control over Plaintiff's working conditions before, and during the time Plaintiff and Class Members arrived at their first job site for the day.  Such unpaid "non-productive" time typically amounted to thirty or forty minutes per day.  Plaintiff and Class Members were not compensated for this time, and Defendants failed to maintain accurate time records reflecting this working time, in violation of California Law.

26.    Under California law, "hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." 8 CCR § 11090(2)(G).

27.    California Department of Labor Standards Enforcement (DLSE) policy follows the dictates of the IWC and requires compensation for all time the employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

28.    Plaintiff and members of the Class are not paid for all of the "hours worked."

29.    The time that Defendants require employees to work without compensation is substantial and deprives Plaintiff and members of the Class of many hours' worth of wages per week.

30.    Defendants further fail to provide members of the Class with accurate wage statements reflecting the wages and penalties to which they are entitled, and which further do not permit members of the Class to readily determine if the wages they receive are accurate and complete.

31.    Because Defendants fail to pay members of the Class additional wages for missed meal and rest breaks, and fail to compensate for all hours worked, Defendants fail to pay all earned wages at the time members of the Subclass ended their employment relationship with Defendants.

32.    Defendants' unlawful conduct has been widespread, repeated and willful throughout its facilities in California.  Defendants knew or should have known that its policies and practices have been unlawful and unfair.

///

///

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure ("CCP") section 382, on behalf of the following defined Class and Subclass:

> All individuals who are currently or have been employed in California by defendants as Pest Control Technicians during the Class, and whose working conditions are not controlled by a collective bargaining agreement.

> Subclass:

> All Class members whose employment with Defendants has terminated during the Class Period.

34.    As used throughout this Complaint, the term "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

35.    Numerosity: Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, there have been over one hundred Class members. As a result, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

36.    Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact, that are relevant to the adjudication of Class members' claims are the following:

> a.    Whether Defendants fail to provide Plaintiff and members of the Class with timely, duty-free 30 minute meal periods in violation of the Labor Code;

> b.    Whether Defendants' failure to provide Plaintiff and members of the Class with off-duty meal periods is an unlawful, unfair or fraudulent business act or practice in violation of UCL section 17200, *et seq.*;

c.    Whether Defendants fail to provide Plaintiff and members of the Class with timely, duty-free rest periods in violation of the Labor Code;

d.    Whether Defendants' failure to provide Plaintiff and members of the Class with off-duty rest periods is an unlawful, unfair or fraudulent business act or practice in violation of UCL section 17200, *et seq.*;

e.    Whether Defendants unlawfully and/or willfully deprived Plaintiff and members of the Class of meal and rest breaks and/or pay/premiums for missed meal and rest breaks pursuant to Labor Code sections 200, 226.7, 512, and 8 CCR section 11090;

f.    Whether Defendants, through their policy of requiring Plaintiff and members of the Class to perform substantial work off-the-clock, fail to pay Plaintiff and members of the Class all of the wages they are due and owed;

g.    Whether Defendants' policy of requiring Plaintiff and members of the Class to perform substantial work off-the-clock is an unlawful, unfair or fraudulent business act or practice in violation of UCL section 17200, *et seq.*;

h.    Whether Defendants' failed to provide Plaintiff and members of the Class with accurate wage statements in violation of Labor Code section 226, and applicable Industrial Welfare Commission Orders, and applicable State Regulations;

i.    Whether Defendants had/have policies and/or practices that result in hours worked not being adequately captured and recorded;

j.    Whether Defendants had/have policies and/or practices that result in hours worked not being properly compensated;

k.    Whether Defendants unlawfully and/or willfully failed to pay Plaintiff and members of the Class for hours worked in violation of the applicable

Industrial Welfare Commission Order and Labor Code sections 200, 226, 226.7, 500, 510, 1197, 1194 and 1198;

l.  Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to members of the Subclass upon termination of their employment in violation of Labor Code sections 201-203;

m.  Whether Plaintiff and members of the Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

n.  Whether Defendants violated the Unfair Competition Law of California, Business and Professions Code sections 17200, *et seq.*, by violating the above-cited provisions, and treating Plaintiff and members of the Class unfairly by failing to pay all wages due and for all hours worked, depriving them of meal and rest breaks and failing to provide and pay for missed breaks, failing to pay wages upon termination, failing to furnish an <u>accurate</u>, itemized wage statement upon payment of wages and failing to pay all compensation due upon discharge.

37.  <u>Typicality:</u> Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' policies and/or practices set forth above.

38.  <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

39.  <u>Superiority</u>: Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. In

Class Action Complaint And Jury Demand

addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

40.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION

### MINIMUM WAGES AND LIQUIDATED DAMAGES
(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order 5)
*Plaintiff Individually and on Behalf of the Class Against All Defendants*

41.    Plaintiff incorporate all preceding paragraphs as though fully set forth herein.

42.    At all times relevant to this complaint, Defendants, and each of them, failed, and have continued to fail, to pay Plaintiff and each class member all wages due, including the minimum wage, as required by law.

43.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each Class member has reported to work as required and has not been compensated for so-called "non-productive" time while under the control of the employer, and performed pre- during- and post-shift work the has not been compensated at the agreed wage nor even at least at the minimum wage for said work. Accordingly, each Plaintiff and each class member has been deprived of wages due, including minimum wages, in amounts to be determined at trial.

44.    The applicable minimum wages fixed by the commission for Plaintiff and the class members is found in Wage Order 5.

45.    Pursuant to California Labor Code § § 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the class members all wages due, Plaintiff and the class members are entitled to each recover the unpaid wages and liquidated damages in an amount equal to the wages unlawfully unpaid, plus interest, fees and costs thereon.

///

## SECOND CAUSE OF ACTION

OVERTIME AND DOUBLE TIME WAGES
(Labor Code §§ 218.6, 558, & 1194, and Wage Order 5)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

46.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

47.     At all times relevant, Defendants, and each of them, have failed to properly calculate and pay Plaintiff and the class members the required overtime or double time premium wages in accordance with the applicable statutes and Wage Order 5, in amounts to be proven at trial.

48.     As a result of each Defendants' failures, Plaintiff and the Class members are entitled to each recover the unpaid overtime and double time wages due, plus interest, attorney's fees, and costs.

## THIRD CAUSE OF ACTION

REST PERIODS
(Labor Code §§226.7, 558 & 1198, and Wage Order 5)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

49.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50.     Wage Order 5, at section 12(A) provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof [ ... ] Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

51.     *Labor Code* § 226.7, requires that Defendants provide Plaintiff and each class member all rest periods specified in the applicable Wage Orders and provides that Plaintiff and each class member is entitled to be paid one additional hour of pay per day at their regular rate of compensation as additional wages for the denied rest periods.

52.    Plaintiff and each class member suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required rest periods and has therefore not been paid all of the wages due. Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### MEAL PERIODS
(Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 5)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

53.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54.    Defendants violated the applicable statues, as well as Wage Order 5. Wage Order 5 provides, in pertinent part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." *Labor Code* § 512 contains parallel language.

55.    Plaintiff alleges that he and members of the proposed class were not relieved of all duty for an entire 30 minutes, due to policies and practices required by their employers. Rather, during their meal period, workers routinely received less than thirty minutes of duty-free time.

56.    *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each class member all meal periods specified in the applicable Wage Order and that Plaintiff and each class member was to be paid one additional hour of pay per day at his/her regular rate of compensation as additional wages for meal periods that were not properly provided.

57.    Plaintiff and each class member have suffered a loss equal to his/her applicable hourly wage rate times the total number of times he/she was not authorized and permitted to take the legally-required meal periods and have therefore not been paid all of the wages due.

Accordingly, Plaintiff and each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES
( LABOR CODE §§226 and 558)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

58.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

59.    At all times relevant, each Defendant violated *Labor Code* § 226(a) by falsely or failing to provide accurate, itemized wage statements, because the statements failed to accurately report one or more of the following:

      a. all employers' names and addresses;

      b. total hours worked;

      c. applicable rates of pay;

      d. the number of piece rate units;

      e. the applicable piece rate;

      f. the rate of pay and total hours for each assignment; and,

      g. gross and net wages earned.

60.    Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each class member are further entitled to an award of costs and reasonable attorney's fees.

61.    Defendants failed to accurately record the wages due to Plaintiff and members of the proposed class, specifically including, but not limited to, by failing to record wages due for so-called "non-productive" time, as well as premium wages for Defendants' failure to provide proper rest and meal breaks.

62.    Plaintiff and members of the Plaintiff Class were injured by Defendants' failure to provide accurate wage statements because, among other things, they were unable to determine the proper amount of wages actually owed to them, and whether they had received full compensation therefore.

63.    Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* § 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## SIXTH CAUSE OF ACTION

WAITING TIME PENALTIES
(CALIFORNIA LABOR CODE §§ 201-203 and 558)
*Plaintiff Individually and on Behalf of the Subclass Against Defendants*

64.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

65.    *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours notice. Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

66.    Plaintiff and the class members are entitled to compensation for all wages earned, including without limitation, the unpaid minimum, overtime, double time, and premium wages for rest and meal periods not provided, but to date have not received such compensation.

67.    More than 30 days have passed since Plaintiff and Subclass members terminated from their employment with Defendants. Defendants have not paid Plaintiff and each Subclass member whose employment has ended all wages owed. As a consequence of Defendants' willful conduct in not paying Plaintiff and each Subclass member all earned

wages at the time their employment with Defendants ended, Plaintiff and each Subclass member is entitled to 30 days' wages as a penalty under *Labor Code* § 203.

## SEVENTH CAUSE OF ACTION

### RESTITUTION
(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)
*Plaintiff Individually and on Behalf of the Class Against Defendants*

68.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

69.  Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

70.  Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

71.  The actions of Defendants, as herein alleged, amount to conduct which is unlawful and a violation of law.  As such, said conduct constitutes unfair business practices, in violation of *Business and Professions Code* §§ 17200 et. seq.

72.  Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, and by failing to provide proper wage statements.  Defendants' actions are thus substantially injurious to Plaintiff and the members of the Class, causing them injury in fact and loss of money.

73.  As a result of such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the members of the Plaintiff Class.

74.  All members of the Class can be identified by reference to payroll and related records in the possession of the Defendants.  The amount of wages due to Plaintiff and members of the Class can be readily determined from Defendants' records.  The members of the proposed class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

75.    During the Class Period, Defendants committed, and continue to commit acts of unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

76.    Defendants' course of conduct, acts, and practices in violation of the California laws, as mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections 17200 et seq. of the *Business and Professions Code.*

77.    The harm to Plaintiff and the members of the Class of being wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

78.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

79.    Defendants' course of conduct described herein further violates *Business and Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

80.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Class in that they were wrongfully denied the timely and full payment of wages owed to them.

81.    Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

## ATTORNEY'S FEES AND COSTS

82.    Plaintiff is entitled to fees and costs, pursuant to California law, including, without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further, enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of wages due employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

Class Action Complaint And Jury Demand

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

1. An order that the action be certified as a class action;

2. An order that Plaintiff be appointed class representatives;

3. An order that counsel for Plaintiff be appointed class counsel;

4. For nominal damages;

5. For compensatory damages;

6. For restitution of all monies due to Plaintiff and members of the Class, and disgorged profits from the unlawful business practice of Defendants;

7. For penalties pursuant to Labor Code §§ 206, 210, 226, 226(e), 226.3, 226.7, 512, 558, and 1194;

8. For waiting time penalties pursuant to Labor Code § 203;

9. For interest accrued to date;

10. For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

11. For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194; and,

12. For all such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, demand a trial by jury for himself and all Class members on all claims so triable.

Dated: December 15, 2014                    By: _____

Law Offices of Todd M. Friedman, P.C.

Adrian R. Bacon, Esq.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752; Adrian R. Bacon, Esq. SBN 280332<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/18/2014** at 10:26:47 AM<br>Clerk of the Superior Court<br>By Adam Beason, Deputy Clerk |

TELEPHONE NO.: 877-206-4741    FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, Jeff Eubank

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

CASE NAME:
Jeff Eubank v. Terminix International, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2014-00042817-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) |
|  |  | JUDGE: Judge Joan M. Lewis<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☐ Wrongful termination (36)
   ☑ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 7
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 16, 2015

Adrian R. Bacon
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 W Broadway<br>MAILING ADDRESS:  330 W Broadway<br>CITY AND ZIP CODE:  San Diego CA 92101-3827<br>BRANCH NAME:  Central | |

Short Title: Jeff Eubank vs. Terminex International Inc [E-FILE]

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2014-00042817-CU-OE-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

### Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Todd Friedman |
| On Behalf of: | JEFF EUBANK |
| Transaction Number: | 1104603 |
| Court Received Date: | 12/18/2014 |
| Filed Date: | 12/18/2014 |
| Filed Time: | 10:26 AM |
| Fee Amount Assessed: | $1,435.00 |
| Case Number: | 37-2014-00042817-CU-OE-CTL |
| Case Title: | Jeff Eubank vs. Terminex International Inc [E-FILE] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

**NOTICE OF CONFIRMATION OF FILING**

**EXHIBIT B**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7065 |

PLAINTIFF(S) / PETITIONER(S):    JEFF EUBANK

DEFENDANT(S) / RESPONDENT(S):    Terminex International Inc

JEFF EUBANK VS. TERMINEX INTERNATIONAL INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00042817-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   Joan M. Lewis                                      Department: C-65

**COMPLAINT/PETITION FILED:** 12/18/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/29/2015 | 10:15 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

CASE TITLE: Jeff Eubank vs. Terminex International Inc [E-FILE]    CASE NUMBER: 37-2014-00042817-CU-OE-CTL

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Conference | Management | 05/29/2015 | 10:15 AM | Central | C-65 |

**Electronic Filing Service Provider Information**

| Service Provider: | OneLegal |
|---|---|
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | (800) 938-8815 |

F I L E D
Clerk of the Superior Court

MAY 1 4 2014

By: ELAINE SABLAN, Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES REGARDING
ELECTRONIC FILING

GENERAL ORDER OF THE
PRESIDING DEPARTMENT

ORDER NO. 051414

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project"). Phase Two of the Program involved the implementation of electronic filing by counsel and parties through the court's E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program was limited to the Central Civil Division only and it excluded Probate and

Construction Defect Cases. Electronic filing under Phase Three of the Program expanded electronic filing to include permissive electronic filing in Probate cases. Electronic Filing under Phase Four of the Program expanded electronic filing to include *mandatory* E-Filing in Construction Defect Cases in the Central Division through the court's E-File Service Provider. Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service Provider, One Legal, will be required for all Construction Defect Cases, including those currently being filed through File&Serve Xpress (fka LexisNexis File&Serve). As of **5:01 p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve Xpress.

Phase Five of the program expands electronic filing to include permissive E-Filing in Civil cases in the North County Division through the court's E-File Service Provider effective June 30, 2014. This General Order relates to Phase Five, and supplements General Orders: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.* Further information on these initiatives can be found on the court's website at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30. In addition, the San Diego Superior Court's specific requirements for E-filing are available on the court's website at www.sdcourt.ca.gov. Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

**GENERAL E-FILING REQUIREMENTS:**

Documents can only be electronically filed through the court's electronic service provider (the "Provider"). E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall

1  be deemed to have been filed on the next court day.

2      Additional and more specific information on electronic filing can be found on the

3  court's website.

4      This Order shall expire on December 31, 2014, unless otherwise ordered by this

5  court.

6      IT IS SO ORDERED.

7

8  Dated: May 14, 2014

9                                      DAVID J. DANIELSEN
                                       PRESIDING JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2014-00042817-CU-OE-CTL    CASE TITLE:

Jeff Eubank vs. Terminex International Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:      Central | |

| PLAINTIFF(S):   JEFF EUBANK |
|---|
| DEFENDANT(S): Terminex International Inc |
| SHORT TITLE:    JEFF EUBANK VS. TERMINEX INTERNATIONAL INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2014-00042817-CU-OE-CTL |
|---|---|

Judge: Joan M. Lewis                                                  Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____
_____
_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____


_____          _____
Name of Plaintiff                                  Name of Defendant


_____          _____
Signature                                          Signature


_____          _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney


_____          _____
Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  12/19/2014                                _____
                                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

# <u>Notice to Filer</u>

Pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, <u>*this case has been designated as a Mandatory eFile case*</u>.

All future documents submitted to the court on this case must be filed electronically.  **The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.**

A party may request to be excused from mandatory electronic filing requirements.  This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.

Documents for cases ordered to mandatory eFiling can only be filed through the court's electronic service provider (the "Provider").    See <u>www.onelegal.com</u>, for information on how to file electronically.

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC", rules 2.250 et seq., Code of Civil Procedure § 1010.6, and San Diego Superior Court General Order: In Re Procedures Regarding Electronic Filing.

Effective November 1, 2013, document that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.  **Effective June 30, 2014**, documents **may be filed electronically** in non-mandated civil cases in the North County Division where either: (1) the case is first initiated on or after June 30, 2014; or (2) the case is already pending as of June 29, 2014 <u>and</u> has been imaged by the court.

Revised August 28, 2014

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.40 – 3.403 (as set forth in the Civil Case Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions). "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types.

Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing and Service Provider, One Legal. Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Court's internal CD/JCCP Document viewer kiosk located in the Civil Business Office, Room 225 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory eFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below. All documents electronically filed in a mandatory eFile Construction Defect / JCCP case must be electronically served on all parties in the case pursuant to CRC 2.251(c).

The court will maintain and make available an official electronic service list in Construction Defect / JCCP cases through One Legal. This is the service list that the court will use to serve documents on the parties. (See CRC 2.251(d).) It is the responsibility of the parties to provide One Legal their correct contact information for the service list in each eFiled case in which they are involved no later than July 7, 2014.

Revised August 28, 2014

New parties who enter a case must provide One Legal with their electronic service address for that case within 7 days of joining the case. All parties must notify One Legal of any changes to that address, within 7 days of the change, should a change occur during the pendency of the action. (See CRC 2.251(f)(1).)  Failure to keep the official list updated may result in the court being unable to provide notice to a non-complying party of upcoming hearings, orders, and other proceedings.

For cases of the type subject to mandatory eFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing and/or service requirements.  This request must be in writing and may be made by ex-parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to eFile or electronically serve documents in a mandatory eFile case; however, they may eFile and electronically serve documents if they choose to do so and/or are otherwise ordered to eFile and/or electronically serve documents by the court.

## REQUIREMENTS FOR ALL eFILERS

eFile documents can only be filed through the court's Electronic Filing and Service Provider (the "Provider").  See www.onelegal.com.

Revised August 28, 2014

eFilers must comply with CRC 2.250 – 2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

eFilers are required to enter all parties listed on the document being filed, if the party is not already a part of the case. (If the filer is submitting a new complaint, ALL parties must be entered.) If all parties are not entered, the transaction will be rejected.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID # noted in the upper right hand corner.

All documents must be uploaded as individual documents within the same transaction, unless filing a Motion. [Example: A Request to Waive Court Fees must be uploaded separately from the document to which it applies, i.e. complaint, answer or other responsive pleading, motion, etc...] If filing a notice of motion, all documents can be scanned and uploaded as one document under a filing that most closely captures the type of motion. All filings and exhibits within these filings must be bookmarked.

Revised August 28, 2014

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Electronically filed documents must be correctly named and/or categorized by Document Type. The lead document must also be designated appropriately, as the lead document determines how the transaction will be prioritized in the work queue. Failure to correctly name the document and/or designate the lead document appropriately may result in a detrimental delay in processing of the transaction.

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

Revised August 28, 2014

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

## DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING

The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO / RO
- Workplace Violence TRO / RO
- Elder Abuse TRO / RO
- Transitional Housing Program Misconduct TRO / RO
- School Violence Prevention TRO / RO
- Out-of-State Commission Subpoena
- Undertaking / Surety Bonds
- Request for Payment of Trust Funds
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC §2924j

Revised August 28, 2014

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e. construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

Revised August 28, 2014

**EXHIBIT C**

1  MICHELLE RAPOPORT, Bar No. 247459
   mrapoport@littler.com
2  LITTLER MENDELSON, P.C.
   633 West Fifth Street, 63rd Floor
3  Los Angeles, California  90071
   Telephone:    (213) 443-4300
4  Fax No.:        (213) 443-4299

5  Attorneys for Defendant
   TERMINIX INTERNATIONAL, INC.

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO, CENTRAL CIVIL WEST**

10 | JEFF EUBANK, individually and on | **CASE NO.  37-2014-00042817-CU-OE-CTL** |
   | behalf of all others similarly situated, | |
11 | | |
   | Plaintiffs, | |
12 | | **NOTICE OF REMOVAL TO FEDERAL** |
   | v. | **COURT** |
13 | | |
   | TERMINIX INTERNATIONAL, INC., | |
14 | and DOES 1 through 50, inclusive, | **Complaint Filed:  December 18, 2014** |
15 | Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:131220379.1 081934.1004                    1.

**TO THE PLAINTIFF AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that on January 21, 2015,  Defendant Terminix International Inc., filed in the United States District Court for the Southern District of California a Notice of Removal (the "Notice"), a copy of which is attached hereto as Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, by the filing of the Notice, the above-entitled action has been removed from this Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §1446, and this Court may proceed no further unless and until the action is remanded.


DATED:  January 21, 2015                              LITTLER MENDELSON, P.C.


                                                     MICHELLE RAPOPORT
                                                     Attorneys for Defendant
                                                     TERMINIX INTERNATIONAL, INC.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:131220379.1 081934.1004                              1.

NOTICE OF REMOVAL TO FEDERAL COURT

## PROOF OF SERVICE

COUNTY OF LOS ANGELES     )
                          )     ss.
STATE OF CALIFORNIA       )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071.

On January 21, 2015, I served the foregoing document(s) described as **NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action addressed as follows:

Todd A. Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd A. Friedman, P.C.
324 South Beverly Drive, Suite 725
Beverly Hills, California 90212
Tel.: (877) 206-4741
Fax: (866) 633-0228

☒   By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☒   **BY MAIL (CCP § 1013(a)&(b)):** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing the affidavit.

☐   **BY OVERNIGHT COURIER (CCP § 1013(c)&(d)):** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) noted above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   **BY PERSONAL SERVICE (CCP § 1011):** I caused said documents to be served by having a professional messenger service, _____, personally deliver them to the person(s) at the address(es) noted above. (A confirmation document of the professional messenger service will be retained in our office.)

Firmwide:131220379.1 081934.1004                    2.

NOTICE OF REMOVAL TO FEDERAL COURT

☐ **BY FACSIMILE (CCP § 1013(e) and (f) and CRC Rule 2.306(h)):** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the person(s) at the fax number(s) noted above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. The facsimile machine used complies with CRC Rule 2003(3). Pursuant to CRC Rule 2008(e) the transmission be facsimile was reported as complete and without error.

☐ **BY EMAIL (CCP § 1010.6; CRC Rule 2.251(g)):** I transmitted the above-stated document(s) and an unsigned copy of this declaration from my computer (electronic notification address _____@littler.com located at Littler Mendelson, 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071 to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic transmission was agreed upon based on a court order or an agreement of the parties to accept service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 21, 2015, at Los Angeles, California.

JOANNIE HAN-DRESSOR

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:131220379.1 081934.1004

3.

NOTICE OF REMOVAL TO FEDERAL COURT

1

## PROOF OF SERVICE

2 COUNTY OF LOS ANGELES                )
                                        )    ss.
3 STATE OF CALIFORNIA                   )

4        I am employed in the County of Los Angeles, State of California.  I am over the

5 age of 18 and not a party to the within action; my business address is 633 West Fifth

6 Street, 63rd Floor, Los Angeles, California  90071.

7        On  January  21,  2015,  I  served  the  foregoing  document(s)  described  as

8 **DECLARATION OF MICHELLE RAPOPORT IN SUPPORT OF REMOVAL**

9 on the interested parties in this action addressed as follows:

10 Todd A. Friedman, Esq.
   Adrian R. Bacon, Esq.
11 Law Offices of Todd A. Friedman, P.C.
   324 South Beverly Drive, Suite 725
12 Beverly Hills, California  90212
   Tel.: (877) 206-4741
13 Fax: (866) 633-0228

14

15 ☒    By placing true copies thereof enclosed in a sealed envelope(s) addressed as
16 stated above.

17 ☒    **BY MAIL (FRCP 5(b)(1)(C)):**  I am readily familiar with the firm's
       practice of collection and processing correspondence for mailing with
18     the U.S. Postal Service.  Under that practice such envelope(s) is
       deposited with the U.S. postal service on the same day this declaration
19     was executed, with postage thereon fully prepaid at 633 West Fifth
       Street, 63rd Floor, Los Angeles, California, in the ordinary course of
20     business.

21 ☐    **BY OVERNIGHT DELIVERY (FRCP 5(b)(1)(F)):**  I am readily
       familiar with the firm's practice of collection and processing items for
22     delivery  with  Overnight  Delivery.    Under  that  practice  such
       envelope(s) is deposited at a facility regularly maintained by Overnight
23     Delivery or delivered to an authorized courier or driver authorized by
       Overnight Delivery to receive such envelope(s), on the same day this
24     declaration was executed, with delivery fees fully provided for at 633
       West Fifth Street, 63rd Floor, Los Angeles, California, in the ordinary
25     course of business.

26

27

28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

DECLARATION OF MICHELLE RAPOPORT IN SUPPORT OF REMOVAL

1
2
3

☐ **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i))**: I caused said documents to be served by having a professional messenger service, _____, personally deliver them to the person(s) at the address(es) noted above. (A confirmation document of the professional messenger service will be retained in our office.)

4
5
6
7

☐ **BY FACSIMILE (FRCP 5(b)(1)(E))**: Pursuant to FRCP 5(b)(1)(E), on _____, at approximately _____ I served the above stated document by facsimile from the facsimile machine of Littler Mendelson whose phone number is (213) 443-4299 to the addressee(s) at the facsimile numbers as stated above. The facsimile machine used complies with CRC Rule 2.306(h). Pursuant to CRC Rule 2.306(h) the transmission by facsimile was reported as complete and without error.

8

9   I declare that I am employed in the office of a member of the Bar of this Court

10  at whose direction the service was made. I declare under penalty of perjury under the

11  laws of the United States of America that the above is true and correct. Executed on

12  **January 21, 2015**, at Los Angeles, California.

13
14
15                                                JOANNIE HAN-DRESSOR

16  Firmwide:131255686.1 081934.1004
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4.

DECLARATION OF MICHELLE RAPOPORT IN SUPPORT OF REMOVAL

## PROOF OF SERVICE

COUNTY OF LOS ANGELES    )
                         )    ss.
STATE OF CALIFORNIA      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 633 West Fifth Street, 63rd Floor, Los Angeles, California 90071.

On January 21, 2015, I served the foregoing document(s) described as **DECLARATION OF MICHELLE RAPOPORT IN SUPPORT OF REMOVAL** on the interested parties in this action addressed as follows:

Todd A. Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd A. Friedman, P.C.
324 South Beverly Drive, Suite 725
Beverly Hills, California 90212
Tel.: (877) 206-4741
Fax: (866) 633-0228

☒    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☒    **BY MAIL (FRCP 5(b)(1)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 633 West Fifth Street, 63rd Floor, Los Angeles, California, in the ordinary course of business.

☐    **BY OVERNIGHT DELIVERY (FRCP 5(b)(1)(F)):** I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 633 West Fifth Street, 63rd Floor, Los Angeles, California, in the ordinary course of business.

LITTLER MENDELSON, P.C.
633 West Fifth Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DECLARATION OF MICHELLE RAPOPORT IN SUPPORT OF REMOVAL

☐ **BY PERSONAL SERVICE (FRCP 5(b)(1)(B)(i)):** I caused said documents to be served by having a professional messenger service, _____, personally deliver them to the person(s) at the address(es) noted above. (A confirmation document of the professional messenger service will be retained in our office.)

☐ **BY FACSIMILE (FRCP 5(b)(1)(E)):** Pursuant to FRCP 5(b)(1)(E), on _____, at approximately _____ I served the above stated document by facsimile from the facsimile machine of Littler Mendelson whose phone number is (213) 443-4299 to the addressee(s) at the facsimile numbers as stated above. The facsimile machine used complies with CRC Rule 2.306(h). Pursuant to CRC Rule 2.306(h) the transmission by facsimile was reported as complete and without error.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on **January 21, 2015**, at Los Angeles, California.

JOANNIE HAN-DRESSOR

Firmwide:131255686.1 081934.1004

DECLARATION OF MICHELLE RAPOPORT IN SUPPORT OF REMOVAL