1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JEFF EUBANK, | CASE NO. 15cv00145-WQH (JMA) |
| Plaintiff, | ORDER |
| vs. | |
| TERMINIX INTERNATIONAL, INC., | |
| Defendant. | |

15  HAYES, Judge:

16      The matter before the Court is the Motion to Dismiss and Compel Arbitration

17  filed by Defendant Terminix International, Inc. (ECF No. 10).

18  **I. Background**

19      On December 18, 2014, Plaintiff Jeff Eubank commenced this action by filing

20  a class action complaint in San Diego County Superior Court. (ECF No. 1-2). On

21  January 21, 2015, Defendant Terminix International, Inc. removed to this Court

22  pursuant to the Class Action Fairness Act, 28 U.S.C. section 1332(d). (ECF No. 1). On

23  January 27, 2015, Defendant filed a motion to dismiss and compel arbitration. (ECF

24  No. 5). On February 7, 2015, Plaintiff filed the First Amended Complaint ("FAC"),

25  which is the operative complaint in this case. (ECF No. 7). On February 13, 2015, the

26  Court issued an Order denying the motion to dismiss and compel arbitration as moot.

27  (ECF No. 8).

28      On February 26, 2015, Defendant filed the Motion to Dismiss and Compel

1   Arbitration. (ECF No. 10). On March 23, 2015, Plaintiff filed an opposition. (ECF
2   No. 12). On March 30, 2015, Defendant filed a reply. (ECF No. 13).

3   **II. Allegations of the FAC**

4       "This is a representative action for recovery of penalties under the California
5   Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section
6   2698 et seq." (ECF No. 7 at 2). "Plaintiff brings this action pursuant to PAGA, on
7   behalf of himself and for the benefit of all other persons employed by Defendants, and
8   each of them, in the position of 'pest control technician' covered by Wage Order 5 who
9   were not paid wages pursuant to California law prior and subsequent to the date this
10  action was filed, during the PAGA Period (which commences one year prior to the
11  filing of this action and continues until judgment is rendered herein) (hereinafter
12  "AGGRIEVED EMPLOYEES")[.]" *Id.*

13      "Defendant maintained time records using portable devices, and an application
14  installed on the devices." *Id.* at 6. Plaintiff and other "aggrieved employees" were
15  required to use this device to clock out for lunch, but "it was frequently not possible to
16  take a meal break before the end of the fifth hour of work." *Id.* After five hours, the
17  application would prevent Plaintiff and "aggrieved employees" from clocking out for
18  lunch. Plaintiff and "aggrieved employees" were instructed that "they must clock out
19  to create an artificial time punch showing that a timely meal break was provided,
20  regardless of whether they in fact worked through their meal breaks." *Id.* "As a result,
21  Plaintiff and aggrieved employees are not relieved of all duties during their meal and
22  rest periods as is required by law." *Id.* at 7.

23      "Further, Defendants do not fully pay Plaintiff and aggrieved employees for time
24  spent performing required activities that are necessary and integral to their overall
25  employment responsibilities." *Id.* For example, Plaintiff and "aggrieved employees"
26  are not paid for waiting time at the beginning of their shifts.

27      Plaintiff asserts the following claims for relief on his own behalf: (1) minimum
28  wages and liquidated damages pursuant to California Labor Code sections 558, 1194.2,

1197 and 1198, and Wage Order 5; (2) overtime and double time wages pursuant to California Labor Code sections 218.6, 558, and 1194, and Wage Order 5; (3) rest periods pursuant to California Labor Code sections 226.7, 558, and 1198, and Wage Order 5; (4) meal periods pursuant to California Labor Code sections 226.7, 512, 558, and 1198, and Wage Order 5; (5) itemized wage statement penalties pursuant to California Labor Code sections 226 and 558; (6) waiting time penalties pursuant to California Labor Code sections 201 through 203 and 558; and (7) restitution for unlawful competition in violation of Business and Professions Code sections 17200 *et seq*. ("UCL").  Plaintiff asserts the following claims for relief on his own behalf and on behalf of "aggrieved employees": (1) penalties under California Labor Code section 558; and (2) remedies under California Private Attorneys General Act of 2004 ("PAGA").  Plaintiff requests damages, restitution, Labor Code penalties, interest, costs, attorneys' fees, civil penalties, and penalties pursuant to PAGA.

**III. Facts**

On May 20, 2008, Plaintiff executed an arbitration agreement in connection with his employment with Defendant.  (Declaration of Lisa Shapleigh ("Shapleigh Decl.") ¶ 4).  "On August 15, 2012, Plaintiff executed the We Listen Dispute Resolution Plan 2012 revision."  *Id.* ¶ 5.

The We Listen Dispute Resolution Plan (the "Plan") provides:

> The Company and I mutually consent to resolution under the Plan and to final and binding arbitration of all Disputes, including, but not limited to, any preexisting, past, present, or future Disputes, which arise out of or are related to my application for employment, my employment, the termination of my employment, or reemployment, on-duty or off-duty, in or outside the workplace, that I may have against any of the following: (i) the Company; (ii) its current and former officers, directors, employees, or agents in their capacity as such or otherwise; (iii) the Company's parent, subsidiary, and affiliated entities; and/or (iv) all successors and assigns of any of them, or that the Company may have against me.  Further, Disputes include any claim or controversy regarding the Plan itself or its interpretation, applicability, unconscionability, arbitrability, enforceability

1   or formation, with the exception noted in the Class Action Waiver clause.[1]

2   Shapleigh Decl. Ex. B, ECF No. 10-1 at 10.  The Plan covers "claims under federal or

3   state law regarding wages, wage penalties, classification, reimbursement of expenses,

4   compensation, stock or incentive bonus plans, or intellectual property rights and

5   associated laws." *Id.*  The Plan provides for a three-step dispute resolution process: (1)

6   Senior Executive Review; (2) Mediation; and (3) Arbitration.

7      Clause Eight of the Plan is titled "Jury Trial Waiver and Exclusive Remedy" and

8   provides, in relevant part:

9      **I HEREBY WAIVE MY RIGHT TO A COURT OR JURY TRIAL
        AND AGREE THAT THE PLAN IS THE EXCLUSIVE REMEDY**
10     **THE COMPANY AND I HAVE FOR RESOLUTION OF DISPUTES**
       ... If I do file a claim in any federal or state court or administrative
11     tribunal, the Company may seek a stay or dismissal of the claim and
       compel arbitration and the dispute resolution steps under the Plan.  **I**
12     **UNDERSTAND AND AGREE THAT MY SOLE AND FINAL
       LEGAL REMEDY IS BINDING ARBITRATION**.

13  *Id.* at 11.

14     Clause Ten of the Plan is titled "Class Action Waiver" and provides, in full:

15     **I HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE
16     BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS
       AND/OR COLLECTIVE ACTION.**  Notwithstanding any other clause
17     in this Plan, the proceeding sentence shall not be severable from this Plan
       in any instance in which the Dispute to be arbitrated is brought as a class
18     and/or collective action. **I ALSO HEREBY WAIVE ANY RIGHT FOR
       ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR
19     ARBITRATED AS A REPRESENTATIVE ACTION.**  However, this
       representative action waiver may be severed if it would otherwise render
20     this Plan unenforceable in any action brought under a private attorneys
       general law.

21  *Id.* at 11-12.

22     The Plan also contains a choice of law provision, which provides in relevant part:

23

24     As the Company is headquartered in Tennessee and both parties have and

25

26  _____

27     [1]   Paragraph 10, titled "Class Action Waiver," provides, in relevant part: "**I
    ALSO HEREBY WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT,
    HEARD, DECIDED OR ARBITRATED AS A REPRESENTATIVE ACTION.**
28  However, this representative action waiver may be severed if it would otherwise render
    this Plan unenforceable in any action brought under a private attorneys general law."
    (Shapleigh Decl. Ex B, ECF No. 10-1 at 11-12).

will continue to have substantial contacts with the State of Tennessee in the performance of this Plan, I expressly agree that this Plan shall be construed, interpreted and its validity and enforceability determined, strictly in accordance with the Federal Arbitration Act (9 U.S.C. §1, *et seq.*) and the laws of the State of Tennessee, without applying its conflicts of laws principles, unless otherwise required by applicable law.

*Id.* at 12.

## IV. Discussion

Defendant moves for an Order dismissing all of Plaintiff's claims, or in the alternative, dismissing Plaintiff's representative action and compelling arbitration of Plaintiff's individual claims. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) and section 3 of the Federal Arbitration Act.

### A. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") "was enacted ... in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (citation omitted). Section 2 of the FAA provides: "A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA "reflect[s] both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 131 S. Ct. at 1745 (quotations omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Id.* at 1745-46 (citations omitted).

"The basic role for courts under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quotation omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.

2000).  "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."  *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Pursuant to section 4 of the FAA, a party may move for a district court order compelling arbitration:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.  Pursuant to section 3 of the FAA, a party may move for a court order staying a federal action pending arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Alternatively, a district court has discretion to dismiss an action in favor of arbitration.  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

> The [FAA] has been interpreted to require that if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation.  From this it follows that state and federal courts must examine with care the complaints seeking to invoke their jurisdiction in order to separate arbitrable from nonarbitrable claims.  A court may not issue a blanket refusal to compel arbitration merely on the grounds that some of the claims could be resolved by the court without arbitration.

*KPMG LLP v. Cocchi*, 132 S.Ct. 23, 24 (2011) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985)).

**B.  Ruling of the Court**

Plaintiff asserts that "unconscionability arguments ... are not at issue in the case at bar."  (ECF No. 12 at 19 n.13).  "Plaintiff will submit that his individual claims,

1   brought under causes of action one through six in the First Amended Complaint, are

2   subject to the parties' arbitration agreement." *Id.* at 10.  Accordingly, Defendant's

3   motion to compel arbitration of claims one through six is granted.  Plaintiff's ninth

4   claim for restitution for violation of the UCL is asserted by plaintiff individually and

5   not on behalf of other employees.  Plaintiff's ninth claim is also subject to arbitration.

6   Defendant's motion to compel arbitration of claim nine is granted.

7         Defendant contends that Plaintiff's seventh and eighth claims brought pursuant

8   to PAGA are barred by the Plan's representative action waiver.  Plaintiff contends that

9   California law prohibits waivers of PAGA claims in arbitration agreements.  Plaintiff

10   also contends that the representative action waiver is unenforceable with respect to his

11   PAGA claims because enforcement of the representative action waiver "would entirely

12   extinguish distinct government enforcement claims, and distinct, non-overlapping

13   penalties, brought pursuant to Labor Code §§ 2698 *et. seq.*"  (ECF No. 12 at 20-21).

14         "The 'effective vindication' exception [to the FAA] ... expresse[s] a willingness

15   to invalidate, on 'public policy' grounds, arbitration agreements that 'operat[e] ... as a

16   prospective waiver of a party's *right to pursue* statutory remedies.'" *Am. Exp. Co. v.*

17   *Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013) (quoting *Mitsubishi Motors Corp.*

18   *v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985)).  "[T]he exception

19   finds its origin in the desire to prevent 'prospective waiver of a party's *right to pursue*

20   statutory remedies.'" *Id.* (quoting *Mitsubishi Motors*, 473 U.S. at 637 n.19).

21         Defendant's motion to dismiss shall remain pending with respect to Plaintiff's

22   seventh and eighth claims.  The parties shall file supplemental briefing addressing

23   whether the Plan's representative action waiver, if interpreted to cover Plaintiff's

24   seventh and eighth claims, falls under the "effective vindication" exception to the FAA.

25   Defendant shall file a supplemental brief no later than May 4, 2015.  Plaintiff shall file

26   a response no later than May 18, 2015.  Defendant may file a reply no later than May

27   26, 2015.

28

## V.  Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss and Compel Arbitration (ECF No. 10) is GRANTED IN PART.  Pursuant to 9 U.S.C. section 4, the parties are directed to proceed to arbitration in accordance with the terms of the Plan with respect to Plaintiff's first through sixth and ninth claims.  Pursuant to 9 U.S.C. section 3, Plaintiff's first through sixth and ninth claims are STAYED in favor of arbitration.

IT IS FURTHER ORDERED that the Motion to Dismiss and Compel Arbitration (ECF No. 10) shall remain pending with respect to Plaintiff's seventh and eighth claims. The parties shall file supplemental briefing addressing whether the Plan's representative action waiver, if interpreted to cover Plaintiff's seventh and eighth claims, falls under the "effective vindication" exception to the FAA.  Defendant shall file a supplemental brief no later than May 5, 2015.  Plaintiff shall file a response no later than May 19, 2015.  Defendant may file a reply no later than May 26, 2015.

DATED:  April 21, 2015

**WILLIAM Q. HAYES**
United States District Judge

15cv00145-WQH (JMA)