# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF EUBANK,<br><br>                       Plaintiff,<br>  vs.<br>TERMINIX INTERNATIONAL, INC.,<br><br>                      Defendant. | CASE NO. 15cv00145-WQH (JMA)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration of this Court's Order on Motion to Dismiss filed by Plaintiff Jeff Eubank (ECF No. 36).

## I. Background

On December 18, 2014, Plaintiff Jeff Eubank commenced this action by filing a class action complaint in San Diego County Superior Court. (ECF No. 1-2). On January 21, 2015, Defendant Terminix International, Inc. removed this action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). (ECF No. 1). On February 7, 2015, Plaintiff filed the First Amended Complaint ("FAC"), which is the operative complaint in this case. (ECF No. 7).

On February 26, 2015, Defendant filed a Motion to Dismiss and Compel Arbitration, relying on a Dispute Resolution Plan ("the Plan") that Plaintiff entered into with Defendant in August 2012. (ECF No. 10). On April 21, 2015, the Court issued an Order granting in part Defendant's Motion to Dismiss and Compel Arbitration.

(ECF No. 19). The Court directed the parties "to proceed to arbitration in accordance with the terms of the Plan with respect to Plaintiff's first through sixth and ninth claims" but left the motion pending with respect to Plaintiff's seventh and eighth claims brought pursuant to California's Private Attorneys General Act of 2004 ("PAGA"). *Id.* at 8. The Court requested supplemental briefing on whether "the Plan's representative action waiver, if interpreted to cover Plaintiff's seventh and eighth claims, falls under the 'effective vindication' exception to the FAA." *Id.* at 7.

On July 22, 2015, after the parties submitted supplemental briefing, the Court granted Defendant's Motion to Dismiss and Compel Arbitration. (ECF No. 29). The Court found that the "effective vindication" exception to the FAA did not render the Plan's representative action waiver unenforceable. *Id.* at 9. The Court reviewed the California Supreme Court's decision in *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129 (Cal. 2014), which held that employment agreements cannot contain an enforceable provision that waives the right to bring a representative claim under the PAGA. *Id.* The Court concluded that this "California rule finding waivers of PAGA actions unenforceable is preempted by the FAA." *Id.* at 13. The Court dismissed Plaintiff's seventh and eighth claims brought pursuant to PAGA "with prejudice to the extent they are brought in a representative capacity." *Id.* at 14. The Court ordered that "[t]o the extent Plaintiff asserts PAGA claims individually, the parties must proceed to arbitration in accordance with the terms of the Plan." *Id.*

On August 16, 2015, Plaintiff filed a Notice of Appeal with the Court of Appeals for the Ninth Circuit. (ECF No. 30). On August 21, 2015, the Court of Appeals issued an order stating that

> [a] review of the record suggests that this court may lack jurisdiction over the appeal because it appears that the district court's order challenged in this appeal may not have disposed of the action as to all claims and all parties. Additionally, the district court's order does not appear to be an order that is immediately appealable pursuant to 9 U.S.C. § 16. Within 21 days after the date of this order, appellant [Plaintiff] shall move for voluntary dismissal of this appeal or show cause why it should not be dismissed for lack of jurisdiction.

(ECF No. 34 at 1). On October 8, 2015, the Court of Appeals granted Plaintiff's motion

for voluntary dismissal of the appeal. (ECF No. 35).

On June 23, 2016, Plaintiff filed the Motion for Reconsideration. (ECF No. 36). On July 18, 2016, Defendant filed an opposition. (ECF No. 37). On July 25, 2016, Plaintiff filed a reply. (ECF No. 38).

**II. Contentions of the Parties**

Plaintiff contends that following this Court's July 22, 2015 Order, the Court of Appeals "has since taken up the issue" of whether "class action waivers for PAGA claims are not [preeempted] by the Federal Arbitration Act ("FAA")[.]" (ECF No. 36-1 at 5). Plaintiff contends that the Court of Appeals resolved this issue "in Plaintiff's favor" in *Sakkab v. Luxottica Retail North America Inc.*, 803 F.3d 425 (9th Cir. 2015), where Plaintiff contends the court "adopt[ed] the *Iskanian* rule, and h[eld] that the FAA does not pre-empt class action waivers involving PAGA claims." *Id.* Plaintiff requests that this Court reconsider its "decision to dismiss Plaintiff's PAGA claims brought as a class representative of other 'aggrieved employees' pursuant to Fed. R. Civ. P. 60(b)(4), (5), and (6)" in light of the *Sakkab* decision. *Id.*

Plaintiff contends that his motion was brought within a reasonable time of the *Sakkab* decision, as required by Rule 60(c), and that this District's Local Rule 7.1(i)(2) does not bar his motion. Plaintiff contends that the Court's July 22, 2015 Order was "final" because it dismissed the PAGA claims with prejudice, to the extent they were brought in a representative capacity. Plaintiff contends that the *Sakkab* decision changed the law because it "held that the *Iskanian* rule is not preempted by the FAA, and it established [the *Iskanian* rule] as the new binding precedent." (ECF No. 36-1 at 9) (citing *Sakkab*, 803 F.3d at 431). Plaintiff contends that "the [Ninth] Circuit has consistently applied its reasoning in numerous decisions" since *Sakkab*, and that "the United States Supreme Court has previously declined to review the *Iskanian* rule three times." (ECF No. 36-1 at 10-11) (citing cases). Plaintiff contends that reconsideration will not prejudice Defendant, and that reconsideration "would also be the most equitable decision in the interest of justice." *Id.* at 11.

Defendant contends that Plaintiff's motion is time-barred under this District's Local Rules and under Rule 60(c) because it was not filed within a reasonable time of the Court's July 22, 2015 Order. (ECF No. 37 at 11). Defendant contends that the Court's July 22, 2015 Order is not "final," and therefore Rule 60 cannot provide Plaintiff with relief. *Id.* at 9. Defendant further contends that "none of plaintiff's alleged grounds under Rule 60(b) applies." *Id.* at 13.

**III. Applicable Law**

Local Rule 7.1(i)(2) provides that "[e]xcept as may be allowed under Rule . . . 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Federal Rule of Civil Procedure 60(b) provides that a

> court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [because] (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4-6). "A motion under Rule 60(b) must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c). Under Rule 60(b), "[w]hat qualifies as a reasonable time depends on the facts of each case[,]" and "[t]he relevant facts may include the length and circumstances of the delay and the possibility of prejudice to the opposing party." *In re Int'l. Fibercom, Inc.*, 503 F.3d 933, 945 (9th Cir. 2007) (citations omitted). A court should only provide "relief under Rule 60(b) . . . where the moving party is able to demonstrate 'that circumstances beyond its control prevented timely action to protect its interests.'" *Id.* (citing *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). The Court of Appeals has found that delays ranging from two to six years are not unreasonable under Rule 60(b). *In re Int'l. Fibercom, Inc.*, 503 F.3d 945 (citing cases).

A "'[f]inal judgment on the merits' is synonymous with 'dismissal with

prejudice.'" *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). The Court of Appeals has held that when a district court dismisses certain claims with prejudice, the dismissal satisfies the finality requirement of Rule 60. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (granting Rule 60(b)(6) relief from a district court's judgment of "dismissal with prejudice for failure to prosecute").

Under Rule 60(b)(6), a court may reconsider its prior order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In *Phelps v. Alameida*, the Court of Appeals identified "that the proper course when analyzing a Rule 60(b)(6) motion predicated on an intervening change in the law is to evaluate the circumstances surrounding the specific motion before the court." 569 F.3d 1120, 1133 (9th Cir. 2009). Courts must make a "case-by-case inquiry" based on balancing "numerous factors" when deciding whether to grant a Rule 60(b)(6) motion. *Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013). When considering whether a change in the controlling law justifies relief under Rule 60(b)(6), the Court of Appeals held "that a change in the law will not always provide the truly extraordinary circumstances necessary to reopen a case[,]" and "that something more than a 'mere' change in the law is necessary." *Phelps*, 569 F.3d at 1133 (quotation marks omitted).

When making this determination, courts should consider six factors: (1) the change in the law; (2) "the petitioner's exercise of diligence in pursuing his claim for relief[;]" (3) whether reopening the case would upset "the parties' reliance interest in the finality of the case[;]" (4) the extent of "the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief[;]" (5) the relative "closeness of the relationship between the decision resulting in the original judgment and the subsequent decision that represents a change in the law[;]" and (6) concerns of comity. *Jones*, 733 F.3d at 839-40 (citing *Phelps*, 569 F.3d at 1135-39). These "factors . . . are designed to guide courts in determining whether . . . extraordinary circumstances have been demonstrated by an individual seeking relief under" Rule 60(b)(6). *Phelps*, 569 F.3d at 1135.

## IV. Discussion

Plaintiff's motion for reconsideration was not "filed within twenty-eight days after entry of the ruling, order or judgment sought to be reconsidered." L.R. 7.1(e)(2). Plaintiff moves pursuant to Rule 60(b)(4-6). (ECF No. 36-1 at 5). Motions made under Rule 60(b)(4-6) need only "be made within a reasonable time . . . after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c). In this case, nine months passed between the date of the *Sakkab* decision and the date Plaintiff filed the motion for reconsideration. In *Jones*, the Court of Appeals found that a Rule 60(b)(6) motion filed in August 2013, based on a change in controlling law arising from a March 2012 Supreme Court decision, was not unreasonable under Rule 60(c) such that it barred the movant's motion. 733 F.3d at 839. There is no evidence demonstrating that Plaintiff waited to file this motion due to dilatory conduct. The Court finds that Plaintiff's motion is brought within a "reasonable time" after the *Sakkab* decision. Fed. R. Civ. P. 60(c).

In the July 22, 2015 Order, the Court dismissed Plaintiff's seventh and eight claims with prejudice to the extent they were brought in a representative capacity. (ECF No. 29 at 14). The Court finds its July 22, 2015 Order is final under Rule 60(b), and therefore the Court may properly consider whether to grant Plaintiff relief under the Rule. *See Lal*, 610 F.3d at 524 (granting Rule 60(b)(6) relief from a district court's judgment of "dismissal with prejudice for failure to prosecute").

When confronted with a Rule 60(b)(6) motion on the grounds that a change in controlling law merits the reconsideration of a prior order, the Court of Appeals has applied the six-factor analysis to determine whether the change in law merits reconsideration of a prior "final judgment, order, or proceeding[.]" *See Phelps*, 569 F.3d at 1134 (stating that the six-factor change in controlling law "analysis will be conducted by district courts in the course of reviewing Rule 60(b)(6) motions in the first instance"); *see also Lopez v. Ryan*, 678 F.3d 1131, 1135-37 (9th Cir. 2012) (applying six-factor analysis to a Rule 60(b)(6) motion).

Under the first factor, courts "consider[] the nature of the intervening change in the law." *Lopez*, 678 F.3d at 1135. In *Phelps*, the Court of Appeals considered a Rule 60(b)(6) motion where the petitioner contended a recent Court of Appeals decision had embraced the position that the petitioner unsuccessfully advanced in district court. 569 F.3d at 1136. The Court of Appeals identified that "the change in the law worked in this case by [the intervening case] did not upset or overturn a settled legal principle." *Id.* Instead, at the time the petitioner's case was being litigated in the district court, the Court of Appeals found that "the law in our circuit was decidedly *un* settled[.]" *Id.* The court held that the first factor "necessarily cuts in favor of granting" the petitioner Rule 60(b)(6) relief because "[t]he law regarding the core disputed issue in [the petitioner's] case did not become settled until fifteen months after his appeal became final, at which point it was clear from" the intervening case that the law had materially changed. *Id.* In *Lopez*, the Court of Appeals held that this factor weighed against granting the moving party Rule 60(b)(6) relief because at the time of the intervening change, the law was "settled" and the new case was a "limited development in the Court's . . . jurisprudence." *Lopez*, 678 F.3d at 1136 (citation omitted).

In this case, "[t]he majority of California district courts . . . continued to enforce representative action waivers that cover PAGA claims, despite the holding of *Iskanian*" in July 2015. (ECF No. 29 at 12). This Court's ruling was informed by cases in this Circuit finding that "[e]ven in light of *Iskanian*, the Court continues to hold that the rule making PAGA claim waivers unenforceable is preempted by the FAA." *Id.* (citing *Fardig v. Hobby Lobby Stores, Inc.*, No. SACV 14-00561, 2014 WL 4782618, at *4 (C.D. Cal. Aug. 11, 2014)). The Court "agree[d] with the majority of California district courts that have held that California's rule against PAGA waivers is preempted by the FAA." (ECF No. 29 at 13). Premised on the understanding "that the California rule barring PAGA representative action waivers is preempted by the FAA[,]" the Court dismissed Plaintiff's seventh and eighth claims to the extent they were brought in a representative capacity. *Id.* at 12, 14.

*Sakkab* specifically identified that the "appeal presents issues of first impression regarding the scope of Federal Arbitration Act (FAA) preemption" and "whether the FAA preempts the California rule announced in *Iskanian* . . . which bars the waiver of representative claims under" PAGA. *Sakkab*, 803 F.3d at 427. Based on this characterization by the Court of Appeals, there was no "prevailing interpretation" of whether the *Iskanian* rule was preempted by the FAA in July 2015, and "the law in our circuit was decidedly *un* settled at the time" the Defendant's Motion to Dismiss and Compel Arbitration "was before the district court." *Phelps*, 569 F.3d at 1136 (citation omitted). Therefore, the Court finds that this factor weighs in favor of granting Plaintiff relief. *See id.*

Under the second factor, the Court considers Plaintiff's "exercise of diligence in pursuing his claim for relief." *Jones*, 733 F.3d at 839. In *Jones*, the Court of Appeals found that a seventeen-month delay between the intervening change in law and the Rule 60(b)(6) motion "has little weight in either direction." *Id.* In *Lopez*, the Court of Appeals found that the moving party "had never pursued the theory that he now advances" before the intervening change of law took place. 678 F.3d at 1136. The Court finds that Plaintiff's approximately nine-month delay between the *Sakkab* decision and this motion, as well as Plaintiff's attention to preemption in the motion to dismiss phase, lead to the conclusion that this factor weighs in favor of granting Plaintiff relief.

Under the third factor, the Court considers the parties' interest in finality. *Jones*, 733 F.3d at 839. In *Jones*, the "need to restart the entire execution process" that would have resulted from reconsideration weighed "strongly against" granting relief for the moving party. *Id.* at 840 n.4. The Court ordered the parties to proceed to arbitration. As of the date of this Order, the parties have both contended that at least one day of mediation has taken place. (ECF Nos. 37 at 8-9, 38 at 4). Defendant contends that "the parties have investigated Plaintiff's individual claims, submitted mediation briefs, and spent a full day in mediation." (ECF No. 37 at 9). While Plaintiff's seventh and eighth

1  claims were dismissed with prejudice to the extent they were brought in a representative
2  capacity, the case is stayed in this Court pending the outcome of arbitration. The Court
3  finds that given the parties are still in the earlier stages of the arbitration process and
4  that the case is still pending before this Court, this favor weighs in favor of granting
5  Plaintiff relief.
6        Under the fourth factor, the Court "examines the delay between the finality of the
7  judgment and the motion for Rule 60(b)(6) relief." *Jones*, 733 F.3d at 840 (citation
8  omitted). "This factor represents the simple principle that a change in the law should
9  not indefinitely render preexisting judgments subject to potential challenge." *Phelps*,
10 569 F.3d at 1138. Plaintiff's representative claims were denied with prejudice on July
11 22, 2015. Subsequently, Plaintiff filed an appeal with the Court of Appeals for the
12 Ninth Circuit. Plaintiff indicated to that court on September 11, 2015 that he would "re-
13 file [h]is Appeal at the appropriate juncture." (Case No. 15-56248, Dkt. No. 4 at 2).
14 Following Plaintiff's representation to the Court of Appeals, the *Sakkab* decision was
15 issued on September 28, 2015.
16       This Court's Order was final on July 22, 2015 as to Plaintiff's seventh and eighth
17 claims, to the extent they were brought in a representative capacity. *See supra*. The
18 Court of Appeals issued the *Sakkab* decision two months later. The Court has already
19 found that the nine month period between the date Plaintiff learned of the *Sakkab*
20 decision and the date he filed the motion for reconsideration is reasonable. Further, this
21 case remains stayed in this Court pending arbitration. Therefore, this factor weighs in
22 favor of granting Plaintiff relief.
23       Under the fifth factor, the Court considers "the degree of connection between"
24 Plaintiff's case and the *Sakkab* decision. *Lopez*, 678 F.3d at 1137. This factor weighs
25 against reconsideration when the outcome for the moving party would not be affected
26 by the new decision because it was based on "an entirely separate reason[.]" *Id.* When
27 the new decision "says nothing" about the point of law the moving party contends has
28 changed, the fifth factor "weighs heavily against" the moving party. *Jones*, 733 F.3d

at 840. In this case, the Court found that "the California rule barring PAGA representative action waivers is preempted by the FAA." (ECF No. 29 at 12). In *Sakkab*, the Court of Appeals plainly "conclude[d] that the *Iskanian* rule does not stand as an obstacle to the accomplishment of the FAA's objectives, and is not preempted." *Sakkab*, 803 F.3d at 427. The seventh and eighth claims at issue in this motion were "dismissed with prejudice to the extent they are brought in a representative capacity[,]" based on the "recogni[tion] that the rule declaring PAGA waivers unenforceable is preempted by the FAA." (ECF No. 29 at 14). The Court finds that Plaintiff's case and *Sakkab* are closely related, and this factor weighs heavily in favor of granting Plaintiff relief.

Under the sixth and final factor, the Court considers concerns regarding comity. "[T]he need for comity between the independently sovereign state and federal judiciaries is an important consideration, as is the duty of federal courts to ensure that federal rights are fully protected." *Phelps*, 569 F.3d at 1139. While *Phelps* discusses comity in the context of reconsidering a habeas corpus petition, the Court of Appeals identified "that a central purpose of Rule 60(b) is to correct erroneous legal judgments that, if left uncorrected, would prevent the true merits of a petitioner's constitutional claims from ever being heard." *Id.* at 1140. In this case, Plaintiff was barred from bringing PAGA claims in a representative capacity due to the preemption of the *Iskanian* rule. If left uncorrected, Plaintiff will remain barred from bringing a representative "statutory action for penalties brought as a proxy for the state[.]" *Sakkab*, 803 F.3d at 436. The importance of this limitation "is bolstered by the PAGA's central role in enforcing California's labor laws." *Id.* at 439. The Court finds this favor weighs in favor of granting Plaintiff relief.

The Court concludes that the above factors support granting Plaintiff relief under Rule 60(b)(6).[1] Specifically, "the lack of clarity in the law at the time of the district

---

[1] The Court does not address whether Plaintiff is entitled to relief under Rule 60(b)(4) or Rule 60(b)(5).

1 court's original decision, . . . the lack of reliance by either party on the finality of the
2 original judgment," the similarity between the *Sakkab* decision and this case, and the
3 Court's continuing jurisdiction over the case support granting Plaintiff's Motion for
4 Reconsideration. *Phelps*, 569 F.3d at 1140.

**V. Conclusion**

IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 36) is GRANTED. The Court vacates the part of its July 22, 2015 Order (ECF No. 29) stating that "Plaintiff's seventh and eighth claims are dismissed with prejudice to the extent they are brought in a representative capacity." (ECF No. 29 at 14). The Motion to Dismiss (ECF No. 10) is denied as to Plaintiff's seventh and eighth claims, to the extent they were brought in a representative capacity. The Court orders the parties to submit a status report within **thirty (30) days** from the date of this Order as to how they intend to proceed on Plaintiff's seventh and eighth claims, to the extent they were brought in a representative capacity. The Clerk of the Court is ordered to reopen this case.

DATED: October 27, 2016

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge