UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF EUBANK,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TERMINIX INTERNATIONAL, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 15-cv-0145-WQH-JMA<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Approval of PAGA Settlement (ECF No. 45) filed by Plaintiff Jeff Eubank and the Motion to Intervene as Additional Named Plaintiff (ECF No. 47) filed by Rodrigo Rivas.

**I.　Background**

**A.　Plaintiff Jeff Eubank**

On December 15, 2014, Plaintiff Jeff Eubank sent a letter to the California Labor and Workforce Development Agency (the "LWDA") asking it to "take notice that *Jeff Eubank* . . . allege[s] that *Terminix International Inc.*, . . . ha[s] violated, and continue[s] to violate, [] provisions of the *Labor Code* and wage orders promulgated by the Industrial Welfare Commission." (ECF No. 7-1 at 1). The notice letter

1

> alleges that Terminix's actions are subject to civil penalties pursuant to the following provisions of the *Labor Code* and Industrial Welfare Commission Wage Order 7:
> a. Sections 1194 and 1197 for failing to pay minimum wage;
> b. Sections 510, 1194 and 1998, for failing to pay overtime wages;
> c. Sections 226.7 and 512, for failing to provide duty-free meal and rest periods;
> d. Section 5 of IWC Wage Order 7-2001, for failure to pay reporting time wages;
> e. Section 203 for failing to pay all wages due and owning [sic] when employees [were] terminated;
> f. Section 226 for failing to provide accurate, itemized wage statements; and,
> g. Section 1199, Wage Order No. 5 § 20 [and] Wage Order 16 § 18, for failing to pay proper wages and/or provide required working conditions and/or for violating the applicable Wage Order/regulations.

*Id.* at 1–2. Eubank's submission to the LWDA included a copy of the complaint that he eventually filed in this case (the "Complaint"). *Id.* at 3–22. On February 4, 2015, the LWDA wrote Eubank a response informing him that it had received his notice letter and did not intend to investigate his allegations. (ECF No. 57-1 at 28).

On December 18, 2014, Eubank initiated this action by filing the Complaint in the Superior Court of California. (ECF No. 1-2 at 3). On January 21, 2015, Defendant Terminix International, Inc. ("Terminix") removed this action to this Court. (ECF No. 1). On February 7, 2015, Eubank filed the First Amended Complaint (ECF No. 7) (the "FAC"). The FAC brings claims under California Labor Code (the "Labor Code") §§ 201-204, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, and 1199 and Wage Order 5. (ECF No. 7). The FAC brings individual claims seeking damages and PAGA claims seeking civil penalties. *Id.*

On April 21, 2015, the Court issued an Order directing Eubank and Terminix (the "Parties") to arbitrate Eubank's individual claims. (ECF No. 19 at 8). "Pursuant to the [C]ourt's order, Eubank's individual claims were submitted to the AAA for arbitration." Declaration of Adrian R. Bacon, ECF No. 45-3, at ¶ 16. The Parties "mutually desire to enter into a . . . Confidential Settlement Agreement and general Release of All Claims with

2

15-cv-0145-WQH-JMA

respect to Plaintiff's Individual Claims." *Id.*; *see also* ECF No. 61 at 9 (stating that Eubank's individual claims have been "resol[ved]" in arbitration).

### B. Prospective Intervenor Rodrigo Rivas

Prospective Intervenor Rodrigo Rivas sent the LWDA "written notice . . . of [his] claims against [his] employer, Terminix" on July 25, 2013 (approximately eighteen months before Eubank sent his notice letter to the LWDA). (ECF No. 46-1 at 14).

> Specifically, [Rivas] allege[d] that Terminix:
> 1. Violated Labor Code §§ 510, 1194 and 1997 by failing to pay minimum and overtime wages for all hours worked. . . .
> 2. Violated Labor Code § 226(a) by failing to identify the accurate number of hours worked and the applicable rates of pay on [Rivas's] pay stubs. . . .
> 3. Violated Labor Code §§ 201–203 by failing to pay for all wages due upon termination of employment. . . . [and]
> 4. Violated Labor Code § 2802 by failing to provide reimbursements for all work-related tools.

*Id.* Rivas filed a complaint against Terminix in Alameda County Superior Court on December 13, 2013 (about one year before Eubank initiated this action). *Id.* at 6. Rivas's complaint "seeks recovery of all applicable civil penalties and wages for Defendants' violation of Labor Code §§ 201-203, 226(a), 510, 558, 1194, 1197, and 2802." *Id.* at 11.

### C. The Settlement

The Settlement Agreement between Eubank and Terminix (the "Settlement") provides for a total settlement amount of $620,000 (the "Settlement Sum"). ECF No. 45-3 at 27. Approximately $325,000 of the Settlement Sum will be paid to the LWDA, approximately $25,000 will be paid to the settlement administrator, and approximately $160,000 will be paid towards Eubank's attorney's fees and litigation costs. *Id.* at 28; Bacon Decl. at ¶¶ 7, 8. The remaining approximately $110,000 will be paid to the Aggrieved Employees, *id.*, defined as

> all other persons employed by [Terminix] . . . in the position of 'pest control technician' covered by Wage Order 5 who were not paid wages pursuant to California law . . . during the PAGA Period (which commences one year prior to the filing of this action and continues until judgment is rendered herein).

(the "Aggrieved Employees"). (ECF No. 7 at ¶ 4; ECF No. 45-3 at 28). Each Aggrieved Employee "shall receive a *pro rata* share of th[at] amount." ECF No. 45-3 at 28.

The Settlement provides that the LWDA and each Aggrieved Employee

> fully releases and forever discharges their rights to bring any cause of action under PAGA, stemming from any and all claims under California Labor Code Sections 558 and 2698 *et seq.*, which includes California Labor Code Sections 201-204, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, Section 3, 4, 5, 11, and 12 of the Wage Order, and/or any other California Labor Code provisions that could have been asserted as a basis for a PAGA claim, during the period of July 25, 2012 through the Effective Date against Terminix . . . . This Agreement shall not be construed to release any of the aforementioned substantive Labor Code claims of any potentially Aggrieved Employees, except insofar as such claims are asserted as a basis for a PAGA Action . . . .

*Id.* at 27. The Settlement also provides that "Terminix shall stipulate to permit [Eubank] to file a Second Amended Complaint, where [Eubank] will add a PAGA allegation under Labor Code § 2802." *Id.* at 29.

### D. The Motions Before the Court

On December 15, 2017, Eubank filed the Motion for Approval of PAGA Settlement (ECF No. 45) (the "Motion for Settlement Approval"). On January 10, 2018, Rivas filed an Objection to Motion for Approval of PAGA Settlement. (ECF No. 46). On January 18, 2018, Eubank filed a Response to Rodrigo Rivas' Comment re Unopposed Motion for Approval of PAGA Settlement. (ECF No. 57). On February 2, 2018, Terminix filed a Response to Rodrigo Rivas' Comment Re Unopposed Motion for Approval of PAGA Settlement. (ECF No. 58). On February 9, 2018, Rivas filed a Reply to Plaintiff and Defendant's Response re Motion for Approval on PAGA Settlement. (ECF No. 59).[1] On February 26, 2018, Jimmy Renteria filed a Notice of Joinder in Rodrigo Rivas' Objection

---

[1] Rivas also filed a Request for Judicial Notice (ECF No. 60) asking the Court to take judicial notice of the Declaration of Marlene Muraco. Rivas's Request for Judicial Notice (ECF No. 60) is denied.

4

15-cv-0145-WQH-JMA

to Motion for Approval of PAGA Settlement. (ECF No. 67). Renteria is not a party to this case and has not filed a Motion to Intervene.

On January 11, 2018, Rivas filed the Motion to Intervene as Additional Named Plaintiff (ECF No. 47) (the "Motion to Intervene"). On February 12, 2018, Terminix filed an Opposition to Motion to Intervene (ECF No. 61) and Eubank filed a Response to Rodrigo Rivas' Motion to Intervene (ECF No. 62). On February 16, 2018, Rivas filed a Reply in Support of Motion to Intervene. (ECF No. 63).

On May 4, 2018, the Court held oral argument on the Motion for Settlement Approval and the Motion to Intervene. (ECF No. 71).

## II. PAGA

California's Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.*, "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Iskanian v. CLS Transp. Los Angeles, LLC*, 327 P.3d 129, 133 (Cal. 2014). Under California Labor Code § 2699(a),

> any provision of [the Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of [the Labor Code], may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

"An employee bringing a PAGA action does so 'as the proxy or agent of the state's labor law enforcement agencies,' who are the real parties in interest." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435–36 (9th Cir. 2015) (quoting *Iskanian*, 327 P.3d at 147). "As the state's proxy, an employee-plaintiff may obtain civil penalties for violations committed against absent employees, Cal. Lab. Code § 2699(g)(1), just as the state could if it brought an enforcement action directly." *Id.* at 148. A PAGA action is a type of qui tam action. *Id.*

The California Supreme Court described PAGA's purpose in *Iskanian*:

5

PAGA addressed two problems. First, the bill sponsors observed that "many Labor Code provisions are unenforced because they are punishable only as criminal misdemeanors, with no civil penalty or other sanction attached. Since district attorneys tend to direct their resources to violent crimes and other public priorities, Labor Code violations rarely result in criminal investigations and prosecutions." (Sen. Judiciary Com., Analysis of Sen. Bill No. 796 (Reg.Sess. 2003–2004) as amended Apr. 22, 2003, p. 5.) The solution was to enact civil penalties for Labor Code violations "significant enough to deter violations." (*Ibid*.) . . . .

The second problem was that even when statutes specified civil penalties, there was a shortage of government resources to pursue enforcement. . . . Evidence gathered by the Assembly Committee on Labor and Employment indicated that the Department of Industrial Relations (DIR) "was failing to effectively enforce labor law violations. . . ." . . . .

We summarized the Legislature's response to this problem in *Arias v. Superior Court* (2009) . . . , 209 P.3d 923 (*Arias*): "In September 2003, the Legislature enacted [PAGA] [citations]. The Legislature declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts. (Stats.2003, ch. 906, § 1.)

327 P.3d at 146.

There are prerequisites with which an employee-plaintiff must comply before he or she can file a PAGA claim.

Before bringing a civil action for statutory penalties, an employee must comply with Labor Code section 2699.3. That statute requires the employee to give written notice of the alleged Labor Code violation to both the employer and the Labor and Workforce Development Agency, and the notice must describe facts and theories supporting the violation. If the agency notifies the employee and the employer that it does not intend to investigate . . . , or if the agency fails to respond within 33 days, the employee may then bring a civil action against the employer.

*Arias v. Superior Court*, 209 P.3d 923, 930 (Cal. 2009).

### III. Motion for Settlement Approval

Eubank moves the Court to approve the Settlement. (ECF No. 45). California Labor Code § 2699(l)(2) provides that trial courts "shall review and approve any settlement of any civil action filed pursuant to [§ 2699]." Cal. Lab. Code § 2699(l)(2). "However, 'neither the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the [LWDA] has provided any definitive answer' as to what the appropriate standard is for approval of a PAGA settlement." *Anthony Jordan v. NCI Grp., Inc., et al.*, No. EDCV161701JVSSPX, 2018 WL 1409590, at *2 (C.D. Cal. Jan. 5, 2018) (alteration in original) (quoting *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1075 (C.D. Cal. 2017)). A number of district courts in the Ninth Circuit have employed a rule authorizing approval of a PAGA settlement only "upon a showing that the settlement terms are fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes." *Id.* (collecting cases). The Court adopts this standard.

Rivas contends that the Settlement is unreasonable because it releases the LWDA's and Aggrieved Employee's claims for violations of § 2802[2] even though neither Eubank's notice letter nor the Complaint alleges any violations of that provision. (ECF No. 46 at 17).[3]

Section 2699.3(a)(1) provides that a PAGA action "shall commence only after . . . the aggrieved employee . . . give[s] written notice . . . [to] the Labor and Workforce Development Agency . . . of the specific provisions of this code alleged to have been violated . . . ." Cal. Lab. Code § 2699.3(a)(1). Eubank attempted to comply with this provision by sending the LWDA his notice letter and a copy of the Complaint. Second Declaration of Adrian Bacon, ECF No. 57-1, at ¶ 3; ECF No. 57-1 at 5–26. However, neither Eubank's notice letter nor the Complaint alleges any violations of § 2802. *See* ECF

---

[2] All statutory references are to the California Labor Code unless otherwise noted.
[3] The Court considers all of the facts and arguments in the record when fulfilling its obligation to review and approve the Settlement. *See* Cal. Lab. Code § 2699(l)(2).

No. 57-1 at 5–26. Consequently, Eubank is not authorized to commence a PAGA action for violations of § 2802. *See* Cal. Lab. Code § 2699.3(a)(1) (A PAGA action "shall commence only after . . . the aggrieved employee . . . give[s] written notice . . . [to] the Labor and Workforce Development Agency . . . of *the specific provisions of this code alleged to have been violated . . . .*" (emphasis added)).

However, under the terms of the Settlement, the LWDA and Aggrieved Employees "fully release[] and forever discharge[] their rights to bring any cause of action under PAGA, stemming from . . . Section[] . . . 2802 . . . ." (ECF No. 45-3 at 27). The Court concludes that the terms of the Settlement are not "reasonable in light of PAGA's policies and purposes" because the Settlement releases claims for violations of § 2802 and Eubank has not been authorized to commence a PAGA action for violations of § 2802. *Anthony Jordan*, 2018 WL 1409590 at *2.[4]

## IV. Motion to Intervene

"Mr. Rivas seeks leave to intervene as a matter of right, or alternatively, requests permissive intervention, to protect the interests of aggrieved Terminix employees and maintain the integrity of the PAGA settlement process." (ECF No. 47-1 at 6). The Parties contend that Rivas has no right to intervene and that the Court should not grant Rivas's request for permissive intervention. (ECF No. 61 at 11–21; ECF No. 62 at 7–8).

### A. Intervention as a Matter of Right

Under Federal Rule of Civil Procedure 24(a)(2),

> On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[4] Rivas's notice to the LWDA does not give Eubank the authority to bring (or settle) claims against Terminix for violations of § 2802. *See* Cal. Lab. Code § 2699.3(a)(1) (A PAGA action "shall commence only after . . . *the* aggrieved employee . . . give[s] written notice . . . [to] the Labor and Workforce Development Agency . . . of the specific provisions of this code alleged to have been violated . . . ." (emphasis added)).

The Court of Appeals has held that an applicant seeking intervention as of right must show that:

> (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citing *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997), *cert. denied*, 524 U.S. 926 (1998)). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citing *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)). In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention. *Id.* (citing *City of Los Angeles*, 288 F.3d at 397).

Rivas contends that "[t]he inadequacy of representation demonstrated by Mr. Eubank and his counsel is evidenced by the unavoidable conflict created by the non-disclosed side agreement to settle Mr. Eubank's individual wage and hour claims." (ECF No. 47-1 at 22). The Parties contend that Rivas "has not shown and cannot show that his interests will not be adequately protected by Eubank [because] Eubank has the same interest that Rivas does—to settle the PAGA claim at issue for as much compensation as possible." ECF No. 61 at 14; *see also* ECF No. 62 at 6. Terminix notes that Eubank "settled the PAGA claim such that every allegedly aggrieved employee, including Rivas and Plaintiff Eubank, will recover the same amount." *Id.* Terminix also contends that "there was no 'non-disclosed side agreement,' but rather a separate settlement for individual claims pending in arbitration rather than in court." *Id.* at 15 (citing ECF No. 47-1 at 22).

Three factors are relevant to whether a present party adequately represents the interests of a prospective intervenor:

(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;
(2) whether the present party is capable and willing to make such arguments; and
(3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (citations omitted). According to the Court of Appeals,

> The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation.

*Id.*

Rivas's interest in this matter is identical to Eubank's: both want to obtain as much compensation for the LWDA and Aggrieved Employees as possible for the PAGA claims at issue. Consequently, for Rivas to have a right to intervene under Federal Rule of Civil Procedure 24(a)(2), there must be "compelling" evidence that Eubank does not adequately represent their shared interest. *Arakaki*, 324 F.3d at 1086. The evidence in the record concerning Eubank's individual claims is not compelling evidence that Eubank does not adequately represent Rivas's interest in this matter. Consequently, the Court concludes that Rivas does not have a right to intervene under Federal Rule of Civil Procedure 24(a)(2).

### B. Permissive Intervention

Rivas also seeks permission to intervene under Federal Rule of Civil Procedure 24(b)(2). (ECF No. 47-1 at 22–23). "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*

10

*v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997), *cert. denied*, 524 U.S. 926 (1998)). Assuming, without deciding, that the Court may permit Rivas to intervene in this matter, the Court declines to do so at this stage in the litigation.

**V. Conclusion**

The Motion for Settlement Approval (ECF No. 45) is DENIED without prejudice. The Motion to Intervene (ECF No. 47) is DENIED without prejudice.

Dated: May 15, 2018

Hon. William Q. Hayes
United States District Court